——o——

ROBERT A. KING, Respondent, *vs.* GEORGE FINK, Appellant.

1. *Deeds—Ambiguatas latens—Attempt to incoporate new words when deed is intelligible.*—One Terry owned certain land in E. half N. E., quarter sec 36, etc. The land conveyed by him, was described on the deed as in S. W. quarter, sec 36, etc., where in fact he owned no land. In ejectment for the land, *Held*, that it was incompetent to show by parol testimony that the deed was designed to transfer a tract in S. W. quarter "of Terry's land," in sec. 36, etc. This is not a case of latent ambiguity which may be explained by parol evidence ; but it is an attempt, where the description contained in the deed was plain and intellegible, to introduce new words into it in order to show an intention not apparent on its face.

*Appeal from the Franklin County Circuit Court.*

*John R. Martin,* for Appellant.

A sheriff's deed to the purchaser of land sold under execution, must contain a description of the land sold. (1 W. S., 612, § 54.) The description must be identical with that contained in the levy and advertisement. Particularly is this required, where a sheriff executes a deed for a predecessor in officer, under the statute.

14—VOL. LI.

*Henry Flanagan*, for Respondent.

The deeds offered in evidence were competent. (Nelson vs. Brodhack, 44 Mo., 596; Brown vs. Brown, 45 Mo., 412; Shultz vs. Lindell, 40 Mo., 330; Webster vs. Blount, 39 Mo., 500; Gibson vs. Bogy, 28 Mo., 478; Parks vs. Watson, 29 Mo., 108.)

And it is well settled in this State, that parol evidence is admissible to indentify the premises described in a sheriff's deed; however indefinite the description might be. (Hart vs. Rector, 7 Mo., 531; Landes vs. Perkins, 12 Mo., 238; Bates vs. Bank of Missouri, 15 Mo., 309; Webster vs. Blount, 39 Mo., 500.)

Ewing, Judge, delivered the opinion of the court.

This is an action of ejectment. The answer is a general denial. The petition describes the land thus: Four acres in the south-west corner of section 36, Township 43, Range 2, west, being the same land conveyed to the defendant by B. D. Terry and wife, and where the defendant resides.

The plaintiff to sustain his title read in evidence an entry from the tract book of the original entries of lands in Franklin county, in which the land is described as the east half of the north-east quarter of the section, township and range above stated, also a deed from Terry and Wife to the defendant, bearing date March 5, 1856; a deed from the sheriff of Franklin county dated April 6th, 1869 to C. B. Fallenstein and Chas. W. Gauss, and from Fallenstein & Gauss bearing date Oct. 22d, 1859, to Jas. Halligan; and a deed from Halligan to the plaintiff, bearing date May 1st, 1868. The county surveyor, a witness introduced by plaintiff, testified to the effect that the deeds of Terry to Fink, of Fallenstein and Gauss to Halligan, and of Halligan to plaintiff; did not describe the land acquired by Fink from Terry, and of which he was in possession; that Terry owned no land in the south-west quarter of section 36, that he, witness, had surveyed the land occupied by the defendant, which he claimed to have purchased from Terry, and that it was not the land described in said deeds, or in the petition;

that it was only by adding certain words to the description, that it could be made to apply to the land on which the defendant lived, and which he purchased from Terry. This evidence was objected to by the defendant and its admission excepted to. Plaintiff then by leave of the court amended his petition by inserting the words "of B. D. Terry's land," to which defendant excepted. Defendant then read in evidence the execution in favor of C. B. Fallenstein and C. W. Gauss against the defendant, issued in 1857, and the sheriff's return. This was all the evidence. The court sitting as a jury found the issues for plaintiff and gave judgment accordingly. The deed of the sheriff to Fallenstein and Gauss should have been excluded. This instrument describes somewhat indefinitely a parcel of land situated in the north-east quarter, instead of the south-west quarter of section 36, designating it as four acres in the south-west corner of B. D. Terry's land in that section 36. The land owned by Terry, as plaintiff himself had shown, was the east half of the north-east quarter of the section, and it was a part of this tract that Terry had conveyed to the defendant, Fink. The land which, as appears by the return of the sheriff, was levied on and sold by him to Fallenstein and Gauss, was four acres in the south-west corner of section 36, township 43, range 2; a different parcel of land from that described in the sheriff's deed.

The other conveyences read in evidence, described the land intelligibly and with certainty as four acres in the south-west corner of section 36, township 43, range 2, referring to it as the land sold to Fink by Terry, and by the sheriff to Fallenstein and Gauss.

Plaintiff maintains that the intention was to convey land in the north-east quarter and not in the south-west quarter, and sought to prove this by evidence, showing that neither Terry nor the defendant owned any land in the last named part of the section, but in another part of it, to which the description in the deeds did not apply. Rejecting the words of reference following the description in these deeds as *falsa demonstratio*, enough remains to convey the premises therein described, as being in the south-west quarter, and the instruments will take

effect, because a sufficient description remains, to ascertain its application. It is not admissible to reject a description which is definite and certain in a deed, and incorporate other premises by a different description. (Hart vs. Rector, 7 Mo,. 531.)

This is not a case where the description in the deeds apply to two distinct tracts or parcels of land, thus constituting a latent ambiguity which may be explained by parol evidence.

It is admissible in all cases in which a difficulty arises in applying the words of the instrument to the subject matter, to remove the ambiguity which is introduced by the admission of *extrinsic* evidence, by the introduction of further evidence on the same subject, calculated to explain the intent. 1 Greenl. Ev., § 297; 8 Bing., 244. But a new subject matter cannot be imported by parol evidence into the instrument itself. The plaintiff does not endeavor to apply the description *contained in the deeds* to land owned by Terry in the north-east quarter of the section, or to land in possession of the defendant; but in order to make out an intention not apparent on the face of the deeds, the party is compelled to introduce new words and a different description into the body of the deeds themselves. This is manifestly not merely calling in the aid of extrinsic evidence, to apply the description and intention as collected from the deeds themselves, but it is invoking such evidence to incorporate an intention not apparent on their face.

It is not simply removing a difficulty arising from a defective description; it is making the deeds speak in reference to a matter on which they are altogether silent. I am of opinion therefore, that the court erred in admitting the evidence of the surveyor.

The judgment of the Circuit Court is reversed, and the cause remanded. The other Judges concur.