JOHN HARDY, Plaintiff in Error, *v.* JOHN MATTHEWS, Defendant in Error.

*Conveyance — Contract — Patent and Latent Ambiguity.*—To render a deed or other instrument void for uncertain description, the ambiguity must be patent and appear on the face of the instrument; but where the uncertainty

is raised by matter outside of the instrument, the ambiguity is latent, and may be explained by the application of extrinsic evidence. (See Bell v. Dawson, 32 Mo. 79.)

*Error to St. Louis Court of Common Pleas.*

*Geo. P. Strong*, for plaintiff in error.

The ambiguity does not arise upon the face of the contract. It is not "patent." No one would discover it merely by inspection of the paper. Some outside fact must be known before any ambiguity appears. It is not until we are informed that, in point of fact, there are two tracts of land which will answer the description in the contract, that any ambiguity appears. This fact could only be known by proof. Although the court below knew it, from his general familiarity with the plan of the city of St. Louis, yet it was not a fact of which he could take judicial knowledge (1 Greenl. Ev. § 6) ; and therefore it was not a fact that could appear in any legal manner in the case, until it was established by competent proof. This was never done. The court erred by assuming it; for if the paper had been admitted, and the defendant had sought by parol to destroy its force, by proving that it described more than one piece of land, the plaintiff would then have had the right to show to which land defendant intended it to apply. It then became, or rather always was, a "latent ambiguity," which, according to all the authorities, might be removed by parol evidence—1 Greenl. Ev. §§ 297, 298 (last clause), 299 (2d clause), 301 (n. 1), pp. 406, 408 ; id. p. 411, n. 1, and authorities there cited, viz : 1 Metc. 378, on p. 381 ; 13 Pick. 261, on p. 265–6 ; 4 Metc. 438, on p. 451 ; Bates et al. v. Bank of Mo. 15 Mo. 309–12. It is insisted that upon the authorities above cited, the court should have admitted the contracts.

But, in ascertaining where these streets lie, we first discover an ambiguity in the description. It might, perhaps, with more propriety be called a defective or imperfect description. It lacks a single element to make it precise, defi-

nite, and perfect. If it had said 185 feet on *the south side of* Washington avenue, all would have been clear.

*Knox & Smith*, for defendant in error.

I. The instruments of writing offered in evidence were not valid contracts for the sale of land—King v. Wood, 7 Mo. 389. The ambiguity is patent—32 Mo. 79; 2 Pars. Cont. 294-9; 1 Greenl. Ev. § 300.

II. The instruments of writing relied on by plaintiff as evidencing a contract of sale, were vague, indefinite, and uncertain; and it is impossible from said instruments to determine either the parcels of land intended to be described, or the terms, or amount of payment.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant to recover damages for an alleged breach of contract in the sale of land. On the trial, plaintiff offered to read in evidence the receipts taken for part payment of the purchase money, and stating how and where the balance was to be paid, and also a written acknowledgment of sale of one of the pieces of property, all signed by the defendant, the handwriting being admitted. The property was described as "a piece of property on Leffingwell avenue, one hundred and thirty-four feet eight inches, and one hundred and five feet on Washington avenue"; and "one of seven lots, that is to say, one hundred and eighty feet on Washington avenue, and one hundred and thirty-four feet eight inches on Beaumont street." The defendant objected to the reading of the receipts and the acknowledgment of sale, on the ground that the description of the land was vague and indefinite, and the contract void on that account. Plaintiff stated that he was prepared to prove that defendant owned land answering to the description contained in the receipts, and that he had put plaintiff in possession of it. The court sustained the objection of the defendant, and refused to allow the receipts to be

read; to which decision of the court the plaintiff excepted, and then took a non-suit.

To render a deed or other instrument ambiguous or void for uncertain description, the ambiguity must be patent, and appear on its face; but where the deed or instrument appears certain and without ambiguity, and the uncertainty arises by matter outside of the instrument, then it contains a latent ambiguity, and may be explained by the application of extrinsic evidence.

The most clear and succinct definition of this latter species of ambiguity is given by Sugden. "*Ambiguitas latens*," he says, "is that which seems certain, and without ambiguity, for anything appearing upon the face of the instrument, but there is some collateral matter out of the instrument that breeds the ambiguity"—1 Sug. Vend. 181, Am. ed. of 1836. And as it is raised by extrinsic evidence, it may fairly be dissolved by the same means—id. "A latent ambiguity is where you show that words apply equally to two different things or subject matters, and then evidence is admissible to show which of them was the thing or subject matter intended"—Smith v. Jeffreys, 15 Mees. & W. 562, per Alderson, B.; S. P. Bates v. Bank, 15 Mo. 309; Webster v. Atkinson, 4 N. H. 21; Tuder v. Tyrrel, 2 Dana, 49; Storer v. Freeman, 6 Mass. 440; Jackson v. Sill, 11 Johns. 201; Vernor v. Henry, 3 Watts, 385. That the ambiguity in the receipts is latent, is obvious and unquestionable. The description apparent on the face of the writings is sufficiently certain and definite, and it is only when you come to apply the description to the subject matter, that an ambiguity arises. Then it is, for the first time, that the words apply equally to two different things or pieces of property, and then evidence is admissible to show which were the things or pieces of property intended.

The judgment is reversed, and the cause remanded.

Judge Holmes concurs; Judge Lovelace absent.