### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### JULY TERM, 1869, AT JEFFERSON CITY.

---

ANNA CAMPBELL *et al.*, Respondents, *v.* GABRIEL JOHNSON, Appellant.

1. *Deeds — Description by quantity, by metes and bounds.* — A call for quantity in a deed must yield to a more definite description by metes and bounds.

2. *Deeds — Description by quantity, by metes and bounds — Latter should prevail.* — Without an express averment or covenant as to quantity of land in a deed, it will always be regarded as a part of the description merely; and will be rejected if inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries. It aids, but ordinarily does not control, the description of the granted premises.

3. *Deeds — Interpretation of — Intention of maker should be sought for — Inaccuracy — Patent ambiguity, deed void for.* — In the interpretation of deeds the intention should be sought after and carried out, and the identity of the land ascertained, by a reasonable construction of the language used. If the land granted be so inaccurately described as to render its identity wholly uncertain, the grant is void. But to have this effect, and render the deed void for uncertain description, the ambiguity must be patent, and appear on the face of the instrument.

4. *Ejectment — Description — Deed — Patent ambiguity, how cured.* — Suit in ejectment was brought for "the northwest fourth of the southwest quarter of section eleven, township fifty-three, range sixteen," of Randolph county, embracing an area of forty acres. The only designation in the deed on which

the suit was founded which would include this tract was "the southwest quarter of section eleven." A quarter-section contained four forty-acre tracts. *Held*, that there being nothing in the deed to show to which forty it applied, the ambiguity in the description was patent, and could not be removed by extrinsic evidence. The title to the tract should be perfected by an action to reform the deed.

5. *Ejectment, suit in — Receipt of purchase money — Estoppel.*—Where A. alleged that B. had not conveyed to him a certain tract of land, and in pursuance of such allegation commenced a suit for the purchase money, as for a failure of consideration; and B., relying upon the assertion of A., paid him back the money, and took a receipt therefor: *held*, that A. thereby caused B. to change his condition to his own detriment, and would be estopped from afterward suing B. in ejectment for the land.

## *Appeal from Fourth District Court.*

*Hall & Reed*, for appellant.

The description in the deed is too vague to convey the forty acres in controversy. (1 Greenl. Ev. § 301, and authorities cited.) Plaintiffs having recovered the purchase money for said forty acres from defendant on the ground that they had no conveyance therefor, are estopped from setting up a title to the same against defendant. (1 Greenl. Ev. §§ 207–8; Taylor *et al.* v. Zepp, 14 Mo. 482; Chouteau *et al.* v. Goddin *et al.*, 39 Mo. 250, and authorities cite

*H. M. & J. B. Porter*, and *John R. Christian*, for respondents.

I. A call in a deed for boundary will prevail over a call for quantity. (Whittelsey v. Kellogg, 28 Mo. 404; Orrick v. Bower, 29 Mo. 210.)

II. The writing signed by Anna Campbell is not such an admission as will amount to an estoppel in this suit. If it contains any admission, it was made long after the money was paid, was never acted upon, and did not in any manner affect the parties. (Merriweather v. Lewis, 9 B. Monr. 179; McAfferty *et al.* v. Conover, 7 Ohio St. 105; Bocock and Wife *et al.* v. Pavey *et al.*, 8 Ohio St. 281; 1 Greenl. Ev. § 207.)

Campbell et al. v. Johnson.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, brought in the Randolph County Circuit Court, for the northwest fourth of the southwest quarter of section eleven, township fifty-three, range sixteen, lying in said county. The defendant answered, denying plaintiff's right to the land, and for a defense stated that on a given day he sold to plaintiff the land mentioned in the petition, and made, or attempted to make, a conveyance for the same, and supposed that he had properly conveyed it to plaintiff; that in a short time thereafter, being on the eve of leaving the State, the plaintiff sued him by attachment for the price of the land in controversy, alleging that the defendant had not conveyed the land in his said deed; that thereupon he paid plaintiff the amount claimed in the attachment suit, and kept and retained possession of the land. The deed and the record of the attachment proceedings, together with the receipt showing payment by the defendant, were all given in evidence. The Circuit Court gave judgment for the plaintiff, which was affirmed on appeal in the District Court, and the case is now brought up for revision.

It is contended by the counsel for the defendant that the judgment should be reversed for two reasons: first, because the deed by which the plaintiff sought to maintain title to the premises was void for uncertainty; secondly, on the ground that the plaintiff, having disclaimed the title on account of the alleged defective conveyance, and brought suit for the purchase money and recovered the same, was estopped from setting up any further claim to the land. The deed purports to convey the defendant's farm, consisting of three hundred and thirty-two acres. The land is divided and described by legal subdivisions, according to the United States surveys, and includes seven distinct tracts. The only designation in the deed which would include and convey the forty-acre tract sued for is as follows: "the southwest quarter of section eleven, containing forty acres." This description, by rejecting the quantity of acres, would pass the title to the whole quarter-section. That such was not the intent of the maker of the deed is demonstrable, from the fact that one of the other

tracts conveyed is the southwest fourth of the same quarter-section. The other tracts contained in the deed are all set out according to their legal subdivisions, with the number of acres they are supposed respectively to contain, attached. A quarter-section, by the regular survey, includes one hundred and sixty acres; and to give effect to the deed according to its literal import, the plaintiff would have eighty acres more than she contracted for, and by rejecting the irregular description she fails to obtain the requisite amount by forty acres. But it is a well-known rule of construction that a call for quantity in a deed must yield to a more definite description by metes and bounds. The quantity of land conveyed is generally mentioned in the deed; but without an express averment or covenant as to quantity, it will always be regarded as a part of the description merely, and it will be rejected if it be inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries. It aids, but ordinarily does not control, the description of the granted premises. (3 Washb. Real Prop., 3d ed., 348.) In this, as in other cases, the intention should be sought after and carried out, and the identity of the land ascertained, by a reasonable construction of the language used. But if the land granted be so inaccurately described as to render its identity wholly uncertain, then it is admitted the grant is void. (Boardman v. Reed, 6 Pet. 328.) To have this effect, and render the deed void for uncertain description, the ambiguity must be patent, and appear on the face of the instrument; the uncertainty must not appear by matter outside. (Hardy v. Matthews, 38 Mo. 121, and cases cited.) It is not insisted that the plaintiff bought more than the forty-acre tract sued for in this action, and the only description in the deed by which the title could be conveyed is the southwest quarter of the whole section. Now the quarter-section contains four forty-acre tracts, and here is nothing to show to which forty the deed applies. The ambiguity is patent, and can not be removed by the application of extrinsic evidence. The question here does not arise as to the quantity of acres passing by the grant, but as to what particular tract was conveyed. There is really no dispute as to the number of acres; the whole

contention concerns the identity. Had the plaintiff desired to perfect her title and retain the land, she should have commenced proceedings and had her deed reformed.

As to the second point arising out of the estoppel, the law is well established in this court, and the ruling has been uniform. (See Taylor v. Zepp, 14 Mo. 482; Newman v. Hood, 37 Mo. 207; Chouteau v. Goddin, 39 Mo. 229.) In discussing the subject of estoppel, Lord Denman, in Peckard v. Sears (6 Ad. & El. 475), says that the act of the party which induced the opposite side to act must be "willful." He remarks: "Where one, by his words or conduct, willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." In commenting on this definition of an estoppel, in a subsequent case (Freeman v. Cook, 2 Exch. 654), Parke, B., said that the rule laid down in Peckard v. Sears was "to be considered as established, but that the term 'willfully' must be understood, if not that the party represents that to be the truth which he knows to be untrue, at least that he means his representation to be acted upon, and that it is acted upon accordingly; and if, whatever a man's real meaning may be, he so conducts himself that a reasonable man would take the representation to be true, and believe that it was meant that he should act upon it, and did act upon it, as true, the party making the representation would be equally precluded from contesting its truth." In the present case the plaintiff alleged that the defendant had not conveyed to her the land which is here in issue. In pursuance of that allegation, she commenced a suit for the purchase money, as for a failure of consideration. The defendant, relying on her assertions and representations, paid her back the money, and took a receipt therefor. · He changed his condition— he acted at her instance — and there would be no justice in allowing her now to aver anything contrary to her solemn action, and to his detriment. To hold otherwise would be sanctioning wrong. It would be to permit a party, at his convenience and will, to repudiate a contract, and compel the other party to deliver up

and surrender its benefits; and then, when a change should happen to take place, and it might be advantageous, to coerce a restoration of the original contract, and again force the second party to comply with the demands of the other. There would be no mutuality in such a proceeding, and, in effect, the one party would be the helpless victim in the hands of the other, forced to submit to his pleasure and caprice.

But it has been argued here that there is nothing to show that the attachment suit and the money refunded was for this specific piece of land. This position is not borne out by the record. It is abundantly clear that the land for which this action was brought was the only tract about which there was ever any controversy. It was treated so by both parties; and the plaintiff, when she made a demand for it, made a solemn admission as to its identity. She has got a full, perfect, and complete deed of conveyance for all the balance of the land sold; and it is shown by the record that no other land was in dispute between the parties.

I think the judgment should be reversed. Judge Bliss concurs. Judge Currier absent.