Schreiber v. Osten et al.

50 513
36a 280

---

CHARLES SCHREIBER, Appellant, *v.* FREDERICK OSTEN AND CAROLINE OSTEN, Respondents.

1. *Lands and land titles — Conveyances — Description —Latent ambiguity.— Parol evidence — Recorded map or plats.—* Parol testimony is admissible to explain a latent ambiguity in a deed. And where the owner of land had it laid out in lots fronting on one street, and a map of such division acknowledged and recorded, but, before selling any lots, made a new division of the same land into lots fronting on a different street, but recorded no map of the new division, and afterwards sold some of the lots by numbers only, parol evidence was admissible to show that the lots sold were according to the last map, and not the one on record.

*Appeal from Buchanan Court of Common Pleas.*

*H. K. White* and *Ben. Loan,* for appellant.

I. The map made, acknowledged and filed for record by John Patee, and dated the 10th of July, 1851, definitely fixed the location of block 12 in said addition, and also the location and numbers of the lots; and such location and designated number could only be changed by the proprietor thereof, by making, acknowledging and filing a plat showing such changes. And parol testimony cannot be received to show that other lots with corresponding numbers, laid off on another plat not acknowledged or filed in the recorder's office, were intended to be conveyed by said deeds; and the fact that the deed from Patee to Smith and from Smith to Schreiber purports to convey a lot not shown on said plat does not affect the title to or the locality of the other lots that are shown on the recorded plat. To make the description of the lots specified in the deed refer to those shown upon the unofficial plat, such plat should be referred to by some appropriate terms in the deed.

33—VOL. L.

(Nelson v. Brodhack, 44 Mo. 597; Rutherford v. Tracy *et al.*, 48 Mo. 325.)

II. After Patee had delivered his deed to Smith for the property in controversy, he could not by any act or declaration vary the legal effect of said deed.

III. The plat filed, and the deeds from Patee to Smith and from Smith to Schreiber, convey to him the property therein described, by a description as exact and definite as it is possible to describe it by metes and bounds. There is no ambiguity on the face of the papers, nor is it pretended that any latent ambiguity exists. But the fifth instruction assumes that in such a case it is competent for the defendants in the courts below to prove by parol, and for the jury to find, that an entirely different piece of ground was intended to be conveyed, and was conveyed, by said deeds, from the lots described in said deed as shown by the recorded map. This is not the law. (Hartt v. Rector *et al.*, 13 Mo. 506.)

*Hall & Oliver*, for respondents.

I. In this case there was a latent ambiguity arising from two plats, and two lots 16 and two lots 14 of block 12, in Patee's addition, each plat having on it a lot 16 and 14 of said block. Parol evidence was proper for explaining this ambiguity and applying the deeds in evidence to their proper subject-matter. (1 Greenl. Ev., §§ 287, 297.)

II. Parol evidence was admissible to show that Patee, at the time he made said deed, referred to a particular plat for the identification of the land sold. That plat thereby became a part of the deed, and Patee's reference to the plat was a part of the *res gestæ*. (2 Black, 499.)

III. The macadamizing bills which had been assessed against Schreiber and Osten, for work done on the street adjoining the property in suit, were admissible in evidence. The payment of those bills was a recognition by both parties of the true boundaries of their lots. It was a practical interpretation by the parties themselves of the deeds, and is entitled to great weight. (6 Wall. 785; 3 Washb. Real Prop. 363; 1 Metc. 378; 7 Pick. 278.)

IV. The last map was properly received in evidence. It tended to show the well-known boundaries of the lots in suit and to identify them. (3 Washb. Real Prop. 364 ; 1 McLean, 47.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for part of a lot of ground in John Patee's addition to the city of St. Joseph. John Patee, in 1851, acknowledged and filed in the recorder's office an addition to the city of St. Joseph, containing blocks divided into lots. Block 12, on this map, was divided into 16 lots fronting on a street running north and south. Afterwards, and before any of the conveyances were made under which either party holds, Patee surveyed block 12 into 17 lots instead of 16, fronting on the street running east and west; and made a map of this last survey, which was not acknowledged or filed for record. Under this last subdivision and map of block 12, Patee conveyed to plaintiff's grantor lots 16 and 17, and plaintiff's grantor conveyed to him the lots 16 and 17 of block 12 by the same description, both deeds merely referring to Patee's plat of his addition to the city of St. Joseph, without distinguishing whether it was the recorded plat or the plat made afterwards. Patee also conveyed to the defendants lot 14 of block 12, and, at the time he conveyed it, showed the last map as containing the true lot as fronting on the street running east and west, and put the defendants in possession of the lot as thus surveyed on the ground.

The evidence abundantly shows that both parties respectively claimed and paid assessments for improving the streets and the taxes on their respective lots, as surveyed and platted on the last map. The only question in the case is whether the original survey and map, as acknowledged and filed, is conclusive as to the description of the lands conveyed ; and whether the other map and parol evidence were admissible to show the true description of the lots actually conveyed, in opposition to the recorded map. The court admitted such evidence and the plaintiff excepted. The plaintiff also asked various instructions, but it is unnecessary to set them out, as the main point is whether any evidence was admissible other than the recorded map to identify the lots really conveyed.

It may be observed that this is not a question between subsequent purchasers for a valuable consideration and without notice. But it is a question arising between two grantees under the same grantor, neither of whom was deceived as to the particular lots he was buying. They both thought they were buying under the description in the last map, and not under the recorded map. The evidence is not offered to alter the descriptions as contained in the deed, but merely to identify the lots as described in the deeds.

Surely parol evidence may be given, and is always given, to locate and identify lands as described in deeds. The two maps raised a latent ambiguity not appearing upon the deeds, which the parties had a right to remove by parol evidence by showing what particular survey was intended to be referred to by the deeds. The evidence abundantly proved, not a mistake, but the exact lots as laid out on the ground and map and described in the deeds. The plaintiff's deed also on its face shows that the last map was referred to, as the deed conveys lots 16 and 17 in block 12, whereas under the recorded map there was no lot 17 in block 12.

I am clearly of the opinion that the evidence was proper to identify and locate the lots on the grounds as described in the deeds. (1 Greenl. Ev., §§ 287, 297; 21 Mo. 391 ; 2 Black, 499.) Under this view the judgment must be affirmed. The other judges concur.