———o———

WILLIAM GITT, Plaintiff in Error, vs. GEORGE S. EPPLER, Defendant in Error.

1. *Ejectment—Falsa demonstratio.*— In a suit in ejectment, it appeared that "A" had obtained a concession of certain lands in New Madrid, from Baron De Carondelet; that he conveyed to plaintiff's grantor all his lot or lots in the town of New Madrid, which were at any time granted to him by the commandant of that place. *Held,* that in the absence of any extrinsic evidence showing that he was not the owner of another lot in New Madrid in addition to the above con-

cession and granted by the commandant, the words "which were at any time granted to him by the commandant of the place," could not be rejected as a false demonstration in order to show that the same land passed by both grants.

## Error to St. Louis Circuit Court.

The counsel of the parties agree upon the following statement as showing the facts of the case upon which the question of law arises.

This was an ejectment to recover part of U. S. Surv. No. 2553, of New Madrid, Loc. No. 95, in the name of Nicholas Hebert or his Legal Representative. The plaintiff's title was traversed by the answer.

At the trial the plaintiff read the patent of the U. S. to N. Hebert or his Legal Representative dated Nov. 22, 1872, for the lands embraced in Survey 2553.

Plaintiff also read the claim of said N. Hebert, filed Feb. 25, 1811, before the Board of Commissioners, for a lot in the village of New Madrid, as follows :

"Nicholas Hebert, claiming a lot in the village of New Madrid, 180 feet square, produces to the Board a concession from the Baron De Carondelet, dated 30th March, 1793, a plat of the village of New Madrid, on which claimant's lot is No. 159, situate on Dauphin and St. Lorenzo streets."

The Board confirmed the claim, and in lieu thereof the New Madrid certificate was issued, which was the basis of the patent.

To show his derivative title, plaintiff read a deed from Nicholas Hebert to Andrew P. Gillespie, dated July 18, 1815, with the following description

"All his lot or lots in the town of New Madrid aforesaid which were at any time granted to him by the commandant, of that place, and all the land which may be obtained for the same from the United States because of the liberality of Congress, and he is hereby authorized to relinquish the same for his own use and benefit."

Plaintiff then showed a derivative title from Gillespie to himself. The plaintiff's evidence was admitted, subject to objections to its materiality and competency.

The court declared that, upon the plaintiff's evidence, he was not entitled to recover, and plaintiff became non-suit, and his motion for new trial being overruled and the judgment affirmed at general term, he prosecutes this writ of error.

The only question in the case is, did the deed from Hebert to Gillespie convey the lot confirmed so as to pass the title to the re-located land?

*C. C. Whittelsey*, for Plaintiff in Error.

I. The Circuit Court erred in its ruling, that the deed of Hebert to Gillespie did not describe the lot confirmed to Hebert, for, until it was shown that N. Hebert had more than one lot in the town of New Madrid, the rule must apply: *Falsa demonstratio non nocet cum de corpore constat.* (1 Green. Ev., § 301 and cases cited; 2 Phil. Ev., C. & H. notes, [Ed. 1859,] p. 747, n. 1; Hardy vs. Matthew, 38 Mo., 121; King vs. Fink, 51 Mo., 209; Campbell vs. Johnson, 44 Mo., 247.)

II. We must note the history of the country and the manner of making grants, showing that the descriptive words, *"granted by the commandant,"* might be applied to a lot granted by the governer general.

See report to Congress of Board of 1832 and 1833, and testimony of Delassus as to manner of making grants. See also, claims filed in said report; Richard Caulk, indorsed by commandante at St. Andre; Old Mines Claim, No. 9; Louis Lorimier, No. 22; St. Gemme Beauvais, No. 28, etc.

*Sam. Reber & W. H. H. Russell*, for Defendant in Error.

I. The plaintiff showed no title in himself to the land. He professed to derive title from Nicholas Hebert, who conveyed to one Gillespie (under whom plaintiff claims) "all the lot or lots in the town of New Madrid aforesaid, which were at any time *granted to him by the commandant of that place, etc.*, whereas the deed only conveys such lot or lots as were granted to Hebert by the commandant of New Madrid, and there is no evidence of any such grant.

Hebert may have had many lots in New Madrid not granted to him by the commandant as well as lots so granted.

If the deed can be so construed as to convey land not granted to Hebert by the commandant, it must be made to appear by the evidence that he intended to convey other land, and this the plaintiff has failed to show.

We assume that the court will take judicial notice not only of the laws of upper Louisiana, but of the officers who governed it and of the powers which they respectively possessed; and therefore will take notice that the Baron De Carondelet was governor general, residing in New Orleans, with a superintending control over the officers of upper Louisiana, and that there were officers in the latter territory who had power to make grants of the public domain, of whom the commandant at New Madrid was one.

That such was the case see evidence of Lieut. Gov. DeLassus, Vol. 5, American State Papers, Public Lands, pp. 708 and 709. See also Vol. 3, American State Papers, p. 288 and following for grants by Henry Peyroux, commandant of New Madrid.

Vories, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiff for the recovery of premises described as "being part of New Madrid location No. 95, United States Survey No. 2553; bounded on the West by the survey line; East by land claimed by D. Fink and M. Hammer and South by lands claimed by D. and C. Fink, containing thirty-five acres more or less.

The defendant by his answer denies the allegations of the petition, and avers that he has been in the peaceable adverse possession of the land for more than twenty years.

A jury was waived by the parties and the case submitted to the court for trial.

The plaintiff, in order to prove title in himself to the land sued for, offered in evidence: First, a patent of the United States dated November 22, 1872, for the land embraced in New Madrid certificate No. 95, United States Survey No. 2553, which covers the premises in dispute, to Nicholas Hebert or his legal representatives.

Second, a deed from Nicholas Hebert to Andrew P. Gilles-
pie, executed on 18th day of July 1815, which describes the
land conveyed by Hebert to Gillespie, as "all his lot and lots
in the town of New Madrid aforesaid,which were at any time
granted to him by the commandant of that place, and all the
land which may be obtained for the same from the United
States because of the liberality of Congress; and he is here-
by authorized to relinquish the same for his own use and ben-
efit. This deed purported to have been acknowledged on the
28th day of May 1816, and recorded August 17th, 1872. The
plaintiff proved by proper evidence that said deed was found
among the files in the office of the U. S. Recorder of St. Louis
Titles, and that said deed was delivered to plaintiff by Adolp.
Renard, Recorder of Land Titles in the year 1847.

The plaintiff also offered in evidence other deeds convey-
ing the title of Gillespie to him. The plaintiff then, in order
to identify the land sued for as being a part of the land con-
templated and conveyed to Gillespie, by Hebert, offered in
evidence the following copy of certificate No. 1091, and claim
therewith, to-wit: "Louisiana Commissioners certificate No.
1091, June 20th, 1811. We, the undersigned, Commissioners
for ascertaining and adjusting the title and claims to land
in the Territory of Louisiana, have decided that Nicholas
Hebert, original claimant, is entitled to a patent under the 4th
section of an act of the Congress of the United States enti-
tled 'An act respecting claims to land in the Territory of Or-
leans and Louisiana,' passed the third day of March one thous-
and eight hundred and seven, for one hundred and eighty feet
square of land, situate in the district of New Madrid, village
of New Madrid, and ordered that the same be surveyed con-
formable to the concession. By virtue of a concession or or-
der of survey from Baron De Carondelet, governor general."
This certificate was signed by the commissioners.

The plaintiff also read in evidence a copy of the claim and
entry upon which the confirmation was made, as follows:
"Monday, February 25th, 1811.

Board met: Present, John B. C. Lucas, Clement B. Pen-
rose, Frederick Bates, Commissioners. Nicholas Hebert claim-

ing a lot in the village of New Madrid 180 feet square, produced to the board a concession from Baron De Carondelet, dated 30th March 1793, a plat of the village of New Madrid, on which claimant's lot is No. 159, situate on Dauphin and St. Lorenzo streets." The following testimony in this claim is from the rough minutes as perpetuated by the board on the 2d of August 1809. "Antoine Vorcharddit Lordaise, sworn, says, that about 13 or 14 years ago, claimant cultivated said lot and continued to do so for about 8 or 9 years. The board confirmed to Nicholas Hebert one hundred and eighty feet square of land, and order that the same be surveyed conformably to the concession." This was signed by the board and accompanied by the following certificate :

"New Madrid certificate, No. 95."

"Office of the Board of Land Titles."

St. Louis, November 16, 1815.

"No. 95.—I certify that a lot of 180 feet square in the town of New Madrid, and the County of New Madrid, which appears from the books of this office to be owned by Nicholas Hebert, has been materially injured by earthquake, and that in conformity to the provisions of the act of Congress of 17th February 1815, the said Nicholas Hebert or his legal representatives, is entitled to locate any quantity of land, not exceeding one hundred and sixty acres, on any of the public lands of the Territory of Missouri, the sale of which is authorized by law."

Signed, " Frederick Bates."

To all of the foregoing evidence and exhibits the defendant objected, as the same was offered, as not tending to show title in plaintiff to the premises in controversy. The evidence was at the time admitted by the court subject to the defendant's objections. The plaintiff then gave evidence tending to prove the value of the rents and profits of the land, which was all of the evidence given or offered in the case. The court then, at the instance of the defendant, declared the law to be that "on the case made by the plaintiff he is not entitled to recover in this action." The plaintiff at the time

excepted to this ruling of the court, and took a non-suit with leave to move to set the same aside, which motion was made and overruled, when the plaintiff again excepted, and appealed to the general term of said court, where the judgment rendered at special term was affirmed and the plaintiff has brought the case here by writ of error.

There is only a single question raised or argued by the parties in this case, for the consideration of this court. The plaintiff, to prove himself the legal representative of Nicholas Hebert, and therefore the owner of the land described in the patent to him, relied on a conveyance from Nicholas Hebert to A. P. Gillespie for a lot in New Madrid, which he insists conveyed to Gillespie the lot in New Madrid, in lieu of which the certificate of re-location was issued upon which it is also insisted the patent to Hebert read in evidence was founded. The question is, did that conveyance describe the land so as to pass the title? The description in the deed from Hebert to Gillespie purported to convey to Gillespie a lot or lots described, as "all his lot and lots in the town of New Madrid aforesaid, which were at any time granted to him by the commandant of that place,.and all the lands which may be obtained for the same from the United States, because of the liberality of Congress."

The evidence offered by the plaintiff is to the effect that the lot, the title to which was confirmed, and in lieu of which the land was located for which the patent issued to Hebert, was a designated lot in the town of New Madrid which he held by virtue of a concession from Baron De Carondelet, governor general, &c.

Now it is contended by the plaintiff, that the evidence given by him rendered the description in the deed from Hebert to Gillespie sufficiently certain to describe the land in controversy, and to vest the title in plaintiff. He insists that until it is shown that Hebert had more than one lot in the town of New Madrid, the words in the deed to Gillespie "which were at any time granted to him by the commandant of the place" should be rejected as a false demonstration, and that

when said words are rejected, enough remains to pass the lot; which lot was confirmed and in lieu of which the land in controversy was located. It is contended that the descriptive part of the deed is "all his lot or lots in the town of New Madrid," and that that description is sufficient, the remainder of the descriptive words being rejected as a false demonstration. The question is, by what authority can we reject the other descriptive words in the deed? The words following those last above quoted, "which were at any time granted to him by the commandant of the place," seem clearly to be intended as a limitation upon the previous more general words, or at least it fairly admits of that construction; and the implication is, that the grantor had other lots in the town of New Madrid, which do not come within this last designation. How can we say under such circumstances without any extrinsic evidence on the subject, that any part, or what part of these descriptive words are false, or what true? There is no doubt but there are many cases where land is designated in a deed or will by a description which is in itself a sufficient designation or description to pass the land, and the deed or will contains a further description which is false. When the latter description is shown to be false, it will be rejected as a false demonstration, and the land pass by the remaining description. (Greenl. Ev., § 301, and cases cited; Hardy vs. Mathews, 38 Mo., 121; King vs. Fink, 51 Mo., 209; Shewalter vs. Pirner, 55 Mo., 218.) In all such cases the difficulty does not arise from any ambiguity or uncertainty on the face of the deed, but from the application of the description to the subject matter intended to be conveyed. When an attempt is made to apply the description to the subject matter from the extrinsic facts surrounding the whole case, the falsity of one portion of the description is ascertained, and when it is seen that otherwise no effect could possible be given to the instrument, the false description will be rejected; but as long as there is anything that could pass by the description as it appears in the deed, no part of the description can be rejected.

In the case under consideration, the evidence offered by the plaintiff shows that the land claimed by him in this suit was

in lieu of a lot granted to Hebert by the Baron De Carondelet governor general, and not by the commandant of New Madrid ; and there is no evidence to show that Hebert did not own other lots in the town of New Madrid, which were granted to him by the commandant of the place which would exactly fill the description in the deed. In such case, in the absence of some controlling extrinsic facts showing the falsity of a part of the description, the whole of which is perfectly consistent, we are not authorized to presume that any part of the description in a deed is false.

It is however insisted by the plaintiff; that the court will take judicial notice of the history of the country by which it is asserted that it is shown that the descriptive words "granted by the commandant" might be applied to a lot granted by the governor general. It seems from the history of the times that commandants of villages were at one time in the habit of making concessions or grants of the domain to cultivators thereof, and whether this was strictly legal or not, can make no difference if such grants were made. Whether right or wrong, the description would be satisfied by a reference to the fact when found to exist. (See testimony of DeLassus, 3 American States Papers, 708.) The facts appearing in the record of this case, fail to show but what Hebert might have had lots in New Madrid, exactly suited to the description in the deed to Gillespie, or otherwise to show how or in what part the descriptive words or any of them, in said deed, were false. Therefore none of them could be rejected as a false demonstration.

The judgment will be affirmed. The other judges concur.