*T. G. Kent*, for the plaintiff.
*W. A. Gile*, for the defendant.

---

## QUAIL THORNELL vs. CITY OF BROCKTON.

Plymouth. Oct. 20, 1885. — Feb. 25, 1886. FIELD & C. ALLEN, JJ., absent.

At the trial of a writ of entry, if the rights of the parties depend upon the construction of a deed, in which one of the monuments is described as a lane running in a certain direction, and it appears that there are two lanes running in that direction, each of which is consistent with some parts of the description in the deed, and each is inconsistent with other parts, oral evidence is admissible to show which lane was intended as the monument, and, if conflicting, is properly submitted to the jury.

WRIT OF ENTRY to recover a parcel of land in Brockton. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the demandant; and the tenant alleged exceptions. The facts appear in the opinion.

*H. Kingman*, for the tenant.

*R. O. Harris*, (*B. W. Harris & C. H. Edson* with him,) for the demandant.

MORTON, C. J.   The rights of the parties depend upon the construction of the deed from Cornelius Creeden to the demandant, dated May 24, 1872.   In the deed the land conveyed begins "at Spring Street, at the corner of land of Catharine Twomy, thence northerly by land of said Twomy and land of Edwin H. Kingman about ten rods to land of Patrick Mahoney; thence westerly by land of said Mahoney about fifteen rods to a lane or travelled way leading from Grove Street southerly; thence southerly by said lane in part and same course to Spring Street, being about ten rods; and thence easterly by Spring Street about fifteen rods to the corner and bound first mentioned."   When this description is applied to the land, it is at once seen that there is a false demonstration somewhere in it.   There are two lanes or travelled ways, both running southerly from Grove Street.   One of them is named East Main Street on the plans used at the trial, and the other, situated easterly of the former and running only to the house of the demandant, and not extending to Spring Street, has no name.   It is proper to note that the plans are somewhat deceptive.   They indicate to the eye East Main Street as a well-defined street, while the other is shown as a private lane or way. But at the date of the demandant's deed both were alike merely cart-paths.

Each of these ways is consistent with some parts of the description in the deed, and each is inconsistent with other parts. The question is, which of these two lanes was intended as the "lane or travelled way" mentioned in the deed.   The tenant contends that it is the more easterly lane; the demandant contends that it is East Main Street.   The second line runs "westerly by land of said Mahoney about fifteen rods to a lane or travelled way leading from Grove Street southerly."   If this line runs to East Main Street, it will not run wholly by land of Mahoney, but partly by land of Ellen Creeden.   The third line runs "southerly by said lane in part and same course to Spring Street."   This indicates that the lane intended was the easterly one, and is inconsistent with the theory that the second line ran to East Main Street.   This is the strength of the tenant's contention.

On the other hand, the second line is described in the deed as about fifteen rods in length, which would carry it to East Main Street, while, if the line stops at the other lane, the length would be about eight rods; and the last line is described as being about fifteen rods on Spring Street, whereas, if the tenant's contention is sustained, the demandant would have a line on Spring Street of only about eight rods.

We can derive no aid from the general rule that monuments govern courses and distances. This rule applies where the monuments are fixed and certain. Here the monument is not fixed, but the question is which of the two lanes was intended as the monument. One part of the deed calls for the easterly lane as the monument, but other parts of the deed cannot be answered unless East Main Street is accepted as the monument. There is no rule of law which requires that one should be adopted rather than the other. Upon applying the deed to the land, a latent ambiguity is found to exist; and we are of opinion that the Superior Court rightly admitted parol testimony, and referred to the jury the question which of the two lanes was intended as the monument.

Without discussing the evidence in detail, it is sufficient to say that, in our judgment, it justified the finding of the jury. There was much conflicting evidence; the credibility of the witnesses, the weight to be given to the facts that the northerly and southerly lines of the demandant were to be fifteen rods in length, and to the other evidence in the case, was for the jury, and not for the court, to determine.

*Exceptions overruled.*