GEORGE HEFFELMAN v. OTSEGO WATER–POWER COMPANY.

*Water privileges—Construction of contract.*

1. A survey referred to in a deed for greater certainty forms a part of it, and both should be construed together.
2. A deed cannot be made worse by the introduction of testimony conforming to it, and, even if such secondary evidence is incomplete, the party objecting to it cannot complain of an immaterial error.
3. This case involves the construction of a deed of a right of flowage, and it is held that the marks on certain trees mentioned in the deed were established as points or levels from which to measure *downward*, the number of inches specified, to the point or line beyond which the water could not be raised.

Error to Allegan. (Arnold, J.) Argued October 31, 1889. Decided November 15, 1889.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Howard & Roos* and *William B. Williams*, for appellant.

*J. V. Rogers* and *Phillip Padgham,* for plaintiff.

CAMPBELL, J. Plaintiff sued defendant for overflowing his land. It appeared that in 1866, in consequence of a dispute concerning flowage, an arbitration was had which resulted in an agreement whereby, in consideration of $75, a 99-years' privilege was granted defendant to raise the water, according to the following terms:

"The arbitrators have caused a survey to be made, and marks to be made by the county surveyor, which said marks are to designate the height to which the said water-power company, or their successors and representatives, are to raise the dam across the Kalamazoo river, and which marks are as follows: The first mark is at a point 30 and 11-16´ inches above the height of the dam, and on the south side of the buttonwood tree 6 inches in diameter, 17 rods and 12 links south, and 14 links west, of the ¼ post on the north line of section 23, in said township and range. The second mark, 26¼ inches above the dam, on a buttonwood stub 5 inches in diameter, south, 28 degrees west, from the first mark, and between the river and race. The third mark is on a level with the top of the dam or slash-boards, on an elm tree about 12 inches in diameter, and stands south, 50 degrees 10 minutes west, from the first mark, and between the race and river,—all as made and designated by Ira Chichester, county surveyor, September 3, 1866; and for a more particular description thereof reference is had to said record by said surveyor in his office, and in the register's office of the county."

The buttonwood tree is the only land-mark left. The only contention of any consequence is whether the mark on that tree is the mark of the water-level agreed upon, or 30 and 11-16 inches above it. Defendant claims the deed cannot be explained *aliunde,* and that the true mark is at the stipulated water-level, and not above it.

The Chichester survey is lost, but secondary evidence was let in, which seems to us to comply with all the legal rules for its admission. That survey very distinctly

indicates, and the finding establishes, that the witness marks on the buttonwood tree and stump were meant to be above the water-line to the extent named, and the elm-tree mark to be on a level with it.

As this survey is referred to in the deed for greater certainty, it legally formed a part of it, and both should be construed together

But we see no ambiguity in the deed. No two of the tree marks are on the same level. If the buttonwood-tree mark should govern, the water would cover the stump mark, and rise two feet and a half above the elm mark. And if the buttonwood-tree mark should stand as the level, it would be surrounded by water up to that height, and not visible unless at lower water. It is certain that water could not at the same time be at two different levels on the different sides of the stream, and no one would place land-marks where they could be of no possible practical use.

The deed could not be made worse by the introduction of testimony conforming to it, and defendant, even if the secondary evidence was incomplete, could not complain of an immaterial error.

The judgment below conformed to the agreement, and must be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.

In this case a rehearing was granted at the January term, 1890, and the following opinion was filed, February 20, 1890:

CAMPBELL, J. A rehearing of this case was allowed to defendant upon a claim that some matters in the record had been misapprehended. On a re-argument, we have found no reason to change the views expressed

in our former opinion, that defendants were not entitled to raise the water up to the marks on the buttonwood tree and stub mentioned in their grant or lease of the right of power, but, on the contrary, that the marks referred to in the lease were established as points or levels from which to measure downward, the number of inches specified, to the point or line beyond which the water could not be raised.

The judgment below will therefore stand affirmed, with costs of both hearings in this Court.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.