DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO. *v.* HOWLAND.

1. DEEDS—PLAT REFERRED TO IN DEED BECOMES INCORPORATED
THEREIN.

Generally, where a map or plat is referred to in a deed, such map or plat is thereby incorporated in the deed as fully and completely as though actually delineated in the instrument.

2. SAME—LATENT AMBIGUITY EXPLAINABLE BY PAROL TESTIMONY—
EJECTMENT.

Even though an ambiguity in a deed arising from two descriptions of the parcel of land conveyed is a latent one, it is not necessary to correct the deed in a court of equity before bring-

ing ejectment, but parol testimony is admissible in such action to explain the ambiguity and make it apply to the parcel intended to be conveyed.

3. Ejectment—Railroads—Description in Deed—Parol Testimony.

Where, in ejectment proceedings, a railroad company clearly established by parol testimony that it was the intention of the parties to convey to it a strip of land 20 feet wide measured from its right of way, it was entitled to maintain said action, although ambiguity arose by reason of reference in the deed to a plat which overlapped its right of way.

Error to Oakland; Doty (Frank L.), J. Submitted January 9, 1929. (Docket No. 21, Calendar No. 33,964.) Decided March 29, 1929.

Ejectment by Detroit, Grand Haven & Milwaukee Railway Company, a Michigan corporation, against Alfred Howland. Judgment for defendant. Plaintiff brings error. Reversed, and new trial granted.

*H. R. Martin, H. V. Spike,* and *F. V. Slocum,* for appellant.

*Pelton & McGee,* for appellee.

Fellows, J. Prior to and in 1843, plaintiff's predecessor was operating a railroad in Oakland county. On August 24, 1843, Harvey Parke and his wife conveyed to such predecessor a strip of land 70 feet wide in Pontiac township. It is established, at least *prima facie,* and is not disputed, that the track was in the center of this right of way, and that the strip extended 35 feet each way from such center. It is also established that the location of the present track is the same as originally located. In 1913 plaintiff desired to widen its right of way 20 feet, and on February 24th of that year for a considera-

tion of $750 it purchased of Pontiac Investment & Promotion Company, promoters of the Ferry Farms Addition, a strip of land described as:

"Part of lots numbered two hundred forty-nine (249) and two hundred fifty (250) of the Ferry Farm Addition to the City of Pontiac, described as follows: A strip of land 20 feet wide off the southwesterly side of said lots 249 and 250 and bounded on the southwesterly side by said second parties' right of way.".

We are furnished with two blueprints of the *locus in quo*, but the plat of the subdivision or a blueprint of it is not before us. However, defendant's surveyor testifies as to its boundaries as follows:

"That Ferry Farm Addition is bounded on the northeasterly side by the Air Line Railroad and on the east by South Boulevard or East Boulevard and on the south by South Boulevard and on the southwest by the Detroit, Grand Haven & Milwaukee Railway."

The survey of the subdivision was not carefully made. So far as this case is concerned and as a cause of this lawsuit, the survey makes the addition overlap on plaintiff's right of way several feet. The subdivision has been built upon; streets originally laid out and some of more recent date have been improved. The instant case was made to turn on the question of estoppel, the trial judge holding that plaintiff, having accepted a deed which referred to the plat, was estopped from questioning its accuracy. No other question was deemed controlling of the case.

This court has held that where a map or plat is referred to in a deed, such map or plat is thereby

incorporated in the deed as fully and completely as though actually delineated in the instrument. *Nichols* v. *Furniture Co.,* 100 Mich. 230; *Heffelman* v. *Otsego Water-Power Co.,* 78 Mich. 121; *Wilson* v. *Hoffman,* 70 Mich. 552. Our holding is in consonance with the general rule. Whether this rule should operate to estop this plaintiff from claiming that lots 250 and 249 overlap its land where the plat of the subdivision, as recorded, recites that plaintiff's land is one of its boundaries, is a question we need not decide, in the absence of the exact language describing such boundaries. The deed upon its face presents no case of ambiguity. It conveys a strip 20 feet wide; it is off the southwesterly side of lots 249 and 250, and also is bounded on the southwesterly side by plaintiff's right of way. One reading it would not be at all puzzled as to what was intended, but would at once say it conveyed a strip 20 feet wide. No one would spend much time coming to that conclusion, nor the further conclusion that while the strip was off the lots, it was also 20 feet wide measured from the plaintiff's right of way. The ambiguity, therefore, is a latent ambiguity, and arises when an attempt is made to lay the survey of the addition down upon this description. It then becomes apparent at once, what was not apparent from reading the description, that we have two descriptions, one of which is of a strip of land 20 feet wide off the southwesterly side of the lots, and 8.85 feet of which plaintiff then owned, and the other of a strip of land 20 feet wide whose southwesterly boundary is plaintiff's right of way. Even though the ambiguity is a latent one, it is not necessary to correct the deed in a court of equity, but parol testimony is admissible in an ejectment case. *Dart* v.

*Barbour,* 32 Mich. 267. Mr. Thompson thus states the rule (4 Thompson on Real Property, § 3089):

` "Extrinsic evidence is always admissible to explain any uncertainty or latent ambiguity there may be in the description in the deed, so as to make it apply to the parcel intended to be conveyed, and give effect to the deed. * * * Where a description applies to two or more parcels equally well, there is a latent ambiguity which may be explained · by parol."

In section 3164 he says:

"A rule which amounts to very much the same thing is to the effect that, of two descriptions equally explicit and unambiguous, that must control which best expresses the intentions of the parties as manifested by the whole instrument."

And in section 3166 the following is found:

"It is a rule of construction that a private grant shall be taken most favorably for the grantee in case the construction is left in doubt after the application of other rules, for it is assumed that the language of the deed is the language of the grantor. Hence it is said that, in case there are two descriptions in a deed which are inconsistent, the grantee is at liberty to elect that which is most favorable to him."

And in 8 R. C. L. p. 1085, it is said:

"But where conflicting descriptions cannot be reconciled, that construction must be adopted which best comports with the manifest intention of the parties, and the circumstances of the case, and the court must keep in mind the position of the contracting parties and the circumstances under which they acted."

Few railroad companies buy and pay for lands they already own; few subdividers sell and collect

payment for lands they do not own. It is patent from all the circumstances surrounding the parties to this transaction and the parol testimony in the case that only by accepting that description in the deed that covers a strip of land 20 feet wide bounded by and adjoining plaintiff's right of way is the intent of the parties carried out. Upon this record and the applicable law, considering only the question considered and deemed decisive in the circuit, we must hold that plaintiff established its title to the lands in controversy and was entitled to maintain this suit. Counsel for both parties have cited us numerous cases in this court which are thought applicable by analogy. None of them are directly in point. The case which nearest approximates the facts of this case, which we have been able to find, is *Rix* v. *Smith,* 145 Mich. 203. In this case, it was held (quoting from the syllabus):

"Where the description in a deed calls for a certain number of feet in the depth of a lot, and not for a particular fraction of the lot, testimony that shows that the street in front of the lot is wider than the plat indicates, and that the grantee's land extends a corresponding distance farther from the street, does not vary the description in the deed by parol, but simply locates the boundaries of the land upon the ground."

The judgment will be reversed, and a new trial granted, with costs of this court.

NORTH, C. J., and FEAD, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.