J. P. MEINHARDT v. N. R. WHITE, Appellant.—107 S. W. (2d) 1061.

Division One, July 30, 1937.

*Edgar & Banta* for appellant.

*C. P. Damron* for respondent.

448

FERGUSON, C.—This is an action, under Section 1520, Revised Statutes 1929, to try title. Plaintiff's petition alleges that he is "the fee-simple owner" of a triangular parcel of land, therein specifically described by courses, metes and bounds, and situate in Washington County; that "defendant claims to have a title, estate or interest in said real estate" which "is adverse and prejudicial to plaintiff;" and prays the court to ascertain and determine, and "by its judgment define and decree" the title and interest "of plaintiff and defendant, respectively, in said real estate." Defendant's answer admits that "he claims title to the land" described in the petition and avers that he is the owner thereof in fee simple, and "that plaintiff has no right, title or interest in said land or any part thereof." Plaintiff's reply was a denial of the averments of the answer. The case was filed in the Circuit Court of Washington County, but went on change of venue to the Circuit Court of Madison County where, a jury being waived, the cause was tried and submitted to the court. The court found the issues for the plaintiff and by its judgment and decree declared plaintiff to be "the owner of and vested with fee simple title to" the real estate described in

the petition and that "defendant has no right, title, . . . or estate" therein. Defendant has appealed from the judgment.

Defendant White resided in Iron County. He owned a tract of land in Washington County bounded on the west by a public road known as the Caledonia Road. Cedar Creek runs in a general easterly direction. From the crossing of Cedar Creek, the Caledonia Road, as it formed the boundary of White's land, ran southwest, thence south for a short distance, curved to the east and then toward the southwest. Missouri State Highway 21 was constructed and the Caledonia Road abandoned as a public road. The State highway (hereafter referred to merely as the highway) along and near White's land ran straight north and south. Following the highway, from south to north, it intersects and crosses the Caledonia Road (which we will refer to as the road) at or near the southwest corner of White's land, continues straight north for 813 feet and again intersects the road, from that point what had been the road was covered by the highway for a distance of 224 feet, then the course of the road emerges from the highway and runs northeast to its former crossing of Cedar Creek, from which point we commenced, supra, tracing the general southerly meanderings of the road as forming the western boundary of the White land. The highway continues, from the point where the course of the road emerges and runs to the northeast, straight north across Cedar Creek. Thus two small, separate parcels of land were left between the highway and the road, the boundary of White's land; one, referred to by the parties in their testimony as a "strip of land," between the highway on the west and the curve of the road from the point where the highway intersects the road at or near the southwest corner of White's land and the point 813 feet north where the highway again intersects the road. This strip of land continued about one and one-half acres and there was a building on it. Referring to our former statement, supra, it will be seen that from this last-mentioned point the highway covers the road and would form the west boundary of the White land for a distance of 224 feet to the point where, as above stated, the road emerges from the highway and runs northeast to its former Cedar Creek crossing (presumably the northwest corner of the White land), thereby forming the other parcel of land between White's land and the highway, a triangular parcel of land, bounded by the highway, the road, and Cedar Creek, and containing between "½ and ¾ of an acre." There was no building on this parcel of land. This triangular shaped parcel of land is the land described in the petition by courses and distances and title to which is in controversy in this case.

Plaintiff, Meinhardt, "moved to Missouri from Mississippi" in February, 1928. Some few months prior thereto, the date is not

stated, Meinhardt had purchased the tract of land west of and adjoining the White land. The description in the deed to Meinhardt fixed the abandoned Caledonia Road as the east boundary of the land conveyed to him. Thus, and it is not disputed, the Caledonia Road was the boundary between the Meinhardt and White land. The highway had been completed at that time and it is admitted that, by the deed to him, Meinhardt became the owner of, and acquired title to, the two intervening parcels of land between the road and the highway, that is, both the triangular parcel of land and the strip of land, above described, between White's land and the highway.

As first stated this is an action by Meinhardt against White to quiet title to the triangular parcel of land and it is admitted that Meinhardt has title to, and is the owner of, this parcel unless it is the land described in and conveyed by a quitclaim deed from Meinhardt and wife to White on March 19, 1928. The consideration for the deed is stated therein, and admitted, to have been $35. The deed conveys, "the following described Lots, Tracts, or Parcels of land, lying, being and situate in the County of Washington and State of Missouri, to-wit: A strip of land lying East of State Highway No. 21 and just South of Cedar Creek and bound on the East by the old roadbed. This is all the land now owned by the grantors East of the Highway and contains one acre, more or less. Grantors reserve the right to remove building from land."

It will be noted that while the description does not specify the section, township or range it does describe with apparent certainty a "strip of land," upon which a building was, at the time, located, situate in Washington County, and described by reference to Cedar Creek, State Highway No. 21 and the "old roadbed." Where it is apparent upon its face that the description contained in the deed is impossible and that such a tract of land could not exist or that it is so contradictory, inconsistent, or uncertain that the location and identity of the land is impossible of determination a patent ambiguity exists and extrinsic or parol evidence may not be resorted to or heard to explain or remove such an ambiguity. In the case of a patent ambiguity the deed will be held void for uncertainty. Numerous illustrations of a patent ambiguity are to be found in the decisions of the appellate courts. For example, in Briant v. Garrison, 150 Mo. 55, 667, 52 S. W. 361, 364, the description of the land was: "All that land situate east of the center line running north and south between Sections 8 and 17, in Township 46," etc. The "map of Township 46 shows Section 8 lies immediately north of Section 17, hence there could be no land lying east of the center line running north and south between those sections." This court said: "This constitutes an impossible description" and "there is a patent ambiguity which cannot be explained by parol." [See, also, Romine

v. Haag (Mo.), 178 S. W. 147 (where the deed described the land conveyed as being in "Section twenty-five (25)"); Jamison v. Wells, (Mo.), 7 S. W. (2d) 347, 348; Campbell v. Johnson, 44 Mo. 247; McCormick v. Parsons, 195 Mo. 91, 92 S. W. 1162.] Apparently it is not now and here contended, as it first was by respondent, Meinhardt, in the trial court, that the description in the deed to White presents a patent ambiguity and that the deed is therefore void for uncertainty in the description. Nor do we think there is a patent ambiguity. The objection appellant White makes as to the admission of parol evidence tending to show what tract or parcel of land it was intended by the parties that the deed convey will be presently referred to.

At the trial of the cause plaintiff had first the admission of record by defendant White that "on and prior to March 19, 1928 (the date of the deed from Meinhardt to White), plaintiff Meinhardt owned the fee-simple title to the land" described in the petition, the triangular parcel of land heretofore described, and thereupon plaintiff announced: "That is all at this time." Defendant then offered in evidence the deed of March 19, 1928, by Meinhardt and wife; the description contained therein, giving rise to this controversy, has been heretofore set out. Defendant was next called as a witness to locate and identify the land described in the deed. Thereupon the physical situation and surroundings which we have heretofore described developed; that is, that Meinhardt owned two separate and distinct parcels of land between White's land and the highway; (1) the triangular piece of land in controversy, containing between one-half and three-fourths of an acre, bounded by the creek, the highway and the road; and (2) "a strip of land lying east of" the highway and between the highway as the west line and the curve of the "old" road, the northernmost corner or point thereof, on the highway, being 224 feet south of the south point or corner of the triangular parcel and about 350 feet south of the creek.

Reverting now to the description in the deed it will be seen that these two parcels of land have the following characteristics found in the description in common; "lying east of State Highway No. 21;" and both may be said to be "bound on the east by the old roadbed." By no concept of the term "strip of land" used in the deed can it be applied to the small, distinctly, triangular piece of land, while the other parcel of land can well be considered and denominated "a strip of land," and the defendant so refers to it in his testimony. The deed describes, "a strip of land lying east" of the highway "and *just* south of Cedar Creek and bound on the east by the old roadbed." (Italics ours.) Appellant apparently construes the word "just" as here used, to unquestionably mean adjacent or contiguous to the creek, or as making the creek the north boundary of the "strip

of land" conveyed, though the description does not read bound on the north by Cedar Creek as it specifically describes the strip of land conveyed as "bound on the east by the old roadbed." On the other hand plaintiff-respondent argues that the word "just" was here used in the sense of near or not far from, that is, a short distance south of the creek. The difference between the area of the parcels and that estimated in the deed is about the same. The deed mentions a building on the tract conveyed. As we have noted there was, at the time the deed was made, a building on the "strip of land" but none on the triangular parcel.

Plaintiff testified, that at the time the deed was made he and his wife were living on the White land, they had moved to Missouri during the preceding month; that White took him out to this south parcel, or strip of land, and that as they stood near the building White pointed out the lines and told him that was all the land he (Meinhardt) owned east of the highway and offered him $35 for a deed to it agreeing that Meinhardt might reserve and remove the building and that he agreed to sell that strip of land to White on those terms; that he did not know at that time that he also had title to the triangular piece of land adjacent to the creek and nothing was said about that parcel of land, hence the statement in the deed, "This is all the land owned by the grantors east of the highway;" and that he did not discover until after the execution and delivery of the deed that he owned that parcel of land.

As we have noted the description in the deed upon its face presents no ambiguity but when it is attempted to apply or fit the description to the subject matter and identify the land an ambiguity arises as to which of these two parcels of land was intended, the triangular piece of land as claimed by defendant, White, or the strip of land 224 feet south thereof, as claimed by plaintiff, Meinhardt. In his testimony White seemed to make some claim that the deed included both parcels of land. However the two parcels are not contiguous and do not form a continuous strip or tract of land and such claim hardly seems tenable. If, however, defendant is adhering to that view, which is not clearly indicated here, it but contributes to the ambiguity, which, as said, arises upon attempting to apply the description in the deed to the land itself. Such an ambiguity is denominated as latent. "A latent ambiguity in the description of land in a deed or mortgage is an uncertainty not appearing on the face of the instrument, but which is shown to exist for the first time by matter outside the writing, when an attempt is made to apply the language to the ground. Such an ambiguity, it is practically agreed by all the cases, may be explained and removed by parol evidence; having been revealed by matter outside the instrument, it may be removed in the same manner." [68 A. L. R.

Ann., p. 5.] In Hardy v. Matthews, 38 Mo. 121, this court points out that a latent ambiguity arises where the language used in the description of the land, appearing certain on its face, is shown to apply to different pieces of land and extrinsic or parol evidence is then necessary to show which tract or parcel of land "was intended." As to the latent ambiguity rule as applied to the description of land in deeds, or written instruments affecting land, and the admissibility of parol evidence to explain and remove such ambiguity see, also, Detroit, Grand Haven & Milwaukee Railroad Co. v. Howland, 246 Mich. 318, 224 N. W. 366, 68 A. L. R. 1; Putnam v. Bond, 100 Mass. 58; North Carolina Institute v. Norwood, 45 N. C. 65; Schreiber v. Osten, 50 Mo. 513; Gitt v. Eppler, 56 Mo. 138, 145; Charles v. Patch, 87 Mo. 450; Coe v. Ritter, 86 Mo. 277; Blumenthal v. Blumenthal, 251 Mo. 693, 158 S. W. 648; Lauderdale v. King, 130 Mo. App. 236, 109 S. W. 852; and Thornell v. Brockton, 141 Mass. 151, 152, 6 N. E. 74, 76, where one of the calls in a deed was described as a lane running in a certain direction. It appeared there were two lanes running in that direction, each of which was consistent with some parts of the description in the deed. It was held that parol evidence was admissible to show which lane was intended, the ambiguity being latent. 4 Thompson on Real Property, section 3089, says: "Extrinsic evidence is always admissible to explain any uncertainty or latent ambiguity there may be in the description in the deed, so as to make it apply to the parcel intended to be conveyed. . . . Where a description applies to two or more parcels equally well, there is a latent ambiguity which may be explained by parol."

In the instant case defendant relied upon the deed. He concedes that it was necessary to resort to parol evidence to locate and identify the land described therein but apparently his position is that such evidence should have been restricted and confined to the physical situation, and the location of the highway, the road, the creek, etc., mentioned, but as we have before noted, out of that showing arises the latent ambiguity, and parol evidence tending to show which parcel of land was intended could then be adduced and received, as was done, to explain and remove that ambiguity.

But defendant, as appellant, says, this is an action at law to determine legal title, "that there is nothing in the pleadings giving the proceeding an equitable character," that plaintiff did not allege fraud or mutual mistake in the description and invoke the equity jurisdiction of the court to correct or reform the deed (with which, to this point, we agree), and therefore the evidence tending to show which parcel of land was intended by the parties to the deed was inadmissible and should not have been heard and considered by the court. Where the ambiguity, as here, is latent it is not necessary to

454

reform or correct the description in equity but parol evidence is admissible in a law action to explain or resolve such ambiguity. [Detroit, Grand Haven & Milwaukee Railroad Co. v. Howland, supra.] In such instance the purpose of the parol evidence is not to correct, amend, alter, contradict or vary the description in the deed but to explain the ambiguity and apply the description to the parcel intended to be conveyed. Defendant herein himself testified concerning his "deal" with plaintiff as tending to show what land was intended to be conveyed and under such circumstances it was not error to also admit plaintiff's version of the deal.

We agree with appellant's contention that this is an action at law and it appears to have been tried as such throughout. We think the trial court properly admitted the parol evidence tending to resolve the latent ambiguity that arose. A jury was waived, the evidence was conflicting, and the trial court, as the trier of fact, found the facts in favor of plaintiff, that is, that the description in the deed applied to, and was intended to convey, the south parcel or strip of land and not the triangular parcel of land and accordingly entered a decree declaring plaintiff to be the owner of the land described in the petition. The controversy was determined by issues of fact which the trier of fact resolved in favor of plaintiff and against defendant. That finding must be accorded the weight and force of a verdict by a jury, and, being supported by substantial evidence, is conclusive. [Stewart v. Stewart (Mo.), 262 S. W. 1016; Busby v. Self, 284 Mo. 206, 223 S. W. 729.] The judgment of the trial court should, therefore, be affirmed. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.