# MARY J. McCORMICK v. ELSIE F. PARSONS et al., Appellants.

### Division Two, March 29, 1906.

1. **APPEAL: Equity Cause: Admission or Rejection of Evidence.** The action of the court in admitting evidence over the objection of appellant, or its failure to pass upon objections when made, in an equity cause, will not justify a reversal. In an equity cause, improperly admitted or rejected evidence will be disregarded on appeal. So that where appellant at the trial objected to the admission of various records and proceedings in former suits involving the same subjects in litigation, the failure of the chancellor to then and there pass upon the objections and his announcement that he would pass upon them later, which he never did, do not authorize a reversal.

2. **DEED OF TRUST: Description: Void for Uncertainty.** A deed of trust, conveying 39 acres of land, given to secure the payment of two notes of $8,500 each, contained this clause: "And for every $600 that is paid on said notes said parties of the third part obligate themselves to release one acre of the tract conveyed from the lien of this deed of trust." *Held*, that this description of "one acre of the tract" to be released on the payment of $600, was insufficient to identify the acre to be released, and that part of the deed of trust was void for uncertainty. So that, a payment by the mortgagee of $9,500 on the debt, and a demand, after foreclosure but before the trustee's deed was made to the purchasing mortgagor, that he and the trustee release from the operation of said deed of trust 15 5-6 acres off of the east side of said thirty-nine-acre tract, cannot be specifically performed, for the validity of the release clause depends entirely upon the sufficiency of the description of any one acre of the 39, which description is wholly insufficient.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

AFFIRMED.

*John A. Sea* for appellants.

(1) The court should, at time of hearing the cause, when the objection was made by defendants as to the admission in evidence of the various records and proceedings in former suits, have passed upon said objections at that time and not withheld its decision, in fact virtually making no decision so far as record shows. Appellant is wholly unable to state now whether any of such evidence was admitted or excluded, or what effect any of it had on the finding of the court. Since the court made no ruling on the evidence objected to, appellant is compelled to assume a burden both in the court below and in the court here that is both unjust and inequitable. This is reversible error. Moechel v. Heim, 134 Mo. 576; Asbury v. Hicklin, 181 Mo. 658. (2) If the court finally admitted the records, evidence and proceedings of former litigation between McCormick and Parsons, or these appellants, it erred in this: said records, evidence and proceedings were irrelevant and immaterial in the absence of evidence on the part of plaintiff that this claim of appellants was expressly included in the terms of such compromise settlement. Appellee claiming same to be included, the burden is on him to show that fact. Perry's Admr. v. Roberts, 17 Mo. 36; Wade v. Hardy, 74 Mo. 400. (3) In addition, the burden was on appellee to show that the personal representatives of Parsons, settling a claim against the personal estate, had authority to make a settlement including rights of these appellants to their interests in the land. Relying upon an instrument executed by agent, he must prove agent's authority. Sone v. Palmer, 28 Mo. 539. (4) Contract to release is part of the gen-

eral contract under which appellee claims. If by any
fair construction an instrument can be sustained in
all its parts, that construction should be given. Wig-
gins Ferry Co. v. Railroad, 128 Mo. 224; Glover v.
American Casualty Co., 130 Mo. 173; Belch v. Miller,
32 Mo. App. 387. The court will ascertain the meaning
of the contract from all the provisions and not from sin-
gle words and phrases, and when the intention is thus
ascertained, that intention will be effectuated unless it
violates some inexorable rule of law. Meyer v. Chris-
topher, 176 Mo. 580. Words will be taken in their plain,
common, ordinary and usual sense. Missouri Edison
Electric Co. v. Bry, 88 Mo. App. 135. It needs no au-
thority to sustain the proposition that an undivided
interest can be held in lands. The contract shows an in-
cumbrance of $435 on each acre of land. It provided
that on payment of $600, one acre should be released
from the lien of the deed of trust. A release is "the
giving up or abandoning of a claim or right to the per-
son against whom the claim exists or the right is to be
enforced." Winter v. Railroad, 160 Mo. 175. A
release extinguishes a pre-existing right. Equitable
Securities Co. v. Tolbert, 22 So. 762; 7 Words and
Phrases, p. 6060. There was thirty-nine acres of land;
the payment of $600 extinguished the lien on one acre,
or one thirty-ninth of the land. The payment of $9,500
extinguished the lien on fifteen and five-sixths acres,
undivided, it is true, but easy of apportionment. The
fact that the purchaser was obliged to pay $600 per acre
for land incumbered for $435, is proof that both the
seller and purchaser intended this payment to be the
price of an absolute release of the land from the lien.
It is impossible to reconcile such payment at such price
with any other intent. Neale v. Dempster, 179 Pa. St.
569. Appellant made payment of $600 which, under
terms of deed, *pro tanto* discharged the indebtedness.
As to plaintiff, when his secured indebtedness had been
met and discharged under the terms of the deed, the

deed of trust as to one acre became a lifeless instrument. Snow v. Bliss, 174 Mo. 167. (5) The right to the release is not limited; it runs with the land and is not forfeited by being in default as to other payments. Gammel v. Goode, 103 Iowa 301. By its terms the covenant, or obligation, to release is unconditional. The demand for release was made before the completion of sale, and release should have been made. Vawter v. Crafts, 41 Minn. 14; Lane v. Allen, 162 Ill. 426.

*Peak & Strother* and *William D. Majors* for respondent.

(1) There was no error in admitting in evidence the testimony of Lyman Parsons preserved in the bill of exceptions in the attachment suit of McCormick vs. Parsons. R. S. 1899, sec. 3149. (2) Even if the evidence were "irrelevant and immaterial," as defendants contended in their objection to its admission, such admission, in this equity suit, was not reversible error. Kleimann v. Geiselmann, 45 Mo. App. 501, 114 Mo. 443; Evangelical Synod v. Schoeneich, 143 Mo. 658; Sheridan v. Nation, 159 Mo. 41. (3) The judgment of the circuit court in the attachment suit conclusively fixed the amount due McCormick from the estate of Lyman Parsons, deceased, and hence established the validity of the sale under the deed of trust; because such amount was dependent upon that sale. Moody v. Peyton, 135 Mo. 482; Jamison v. Wickham, 67 Mo. App. 575. (4) The agreement for a release contained in the deed of trust is equivalent to a contract to convey land; and is void for the reason that it is so vague and uncertain in its terms, and particularly in its description of the property to be released, as to be altogether incapable of specific enforcement. Bell v. Dawson, 32 Mo. 87; Alexander v. Hickox, 34 Mo. 500; Carter v. Holman, 60 Mo. 498; Freed v. Brown, 41 Ark. 495; Thompson v. Gordon, 72 Ala. 455; Armstrong v.

Short, 95 Ind. 328; Palmer v. Albee, 50 Iowa 429; Moulton v. Egery, 75 Me. 485; Breoid v. Munger, 88 N. C. 297. (5) Even if this agreement for a release were such as could be enforced, still, by its very terms it would only bind the parties of the first and third parts named in the deed of trust. Pierce v. Kneeland, 15 Wis. 672. (6) By the terms of the deed of trust, itself, upon the default of Tuttle and wife and Parsons, in the payment of the balance of principal and interest due on the second note, McCormick was entitled to require the trustee to sell, and the trustee was bound to sell, all the land then unreleased, if such sale was necessary to pay the note and costs of sale. Reed v. Jones, 133 Mass. 116; Werner v. Tuch, 52 Hun 272; Bull & Cozzens, Petitioners, 15 R. I. 534; McComber v. Mills, 80 Cal. 111; Bank v. Hiller, 106 Mich. 118; Chrisman v. Hay, 43 Fed. 555. (7) The trustee's deed conveyed to McCormick the legal title to the land. The only remedy left to defendants, if any, was a suit to redeem. If their answer is equivalent to such a suit, they were and are entitled to no relief unless they are willing to pay the full amount of principal, interest and costs of sale due McCormick. Garland v. Watson, 74 Ala. 325; Collins v. Riggs, 81 U. S. (14 Wall.) 491; Kline v. Vogel, 11 Mo. App. 211, 90 Mo. 239; Schanewerk v. Hoberecht, 117 Mo. 22; Kennedy v. Siemers, 120 Mo. 73; Springfield Engine, etc., Co. v. Donovan, 120 Mo. 423.

BURGESS, P. J.—This suit was instituted in the circuit court of Jackson county by James P. McCormick in his lifetime, for the purpose of determining and quieting the title to certain real estate lying in said county, and described as being all of the northeast quarter of the southwest quarter of section 34, township 50, range 20, except one acre out of the northwest corner thereof.

The plaintiff obtained judgment in the circuit court, from which judgment defendants appeal. Since the appeal to this court the original plaintiff died, and the cause has been duly revived in the name of his widow, his legatee.

On March 14, 1888, Herbert E. Tuttle and Ida C. Tuttle, his wife, who were the owners of the land in suit, executed to Archibald C. Majors and Erastus Smith, two negotiable promissory notes, each for the sum of $8,500, and due on or before one year and on or before two years after date, respectively, with eight per cent compound interest from date, said notes being given for part of the purchase price of said land. To secure the payment of said notes they executed a deed of trust, dated March 14, 1888, whereby they conveyed said land to William D. Majors, as trustee for said Smith and Majors. This deed of trust, which was duly recorded in the office of the recorder of deeds at Independence, Jackson county, Missouri, contained this provision: "And for every $600 that is paid on said notes said parties of the third part obligate themselves to release one acre of the tract hereby conveyed from the lien of this deed of trust, said notes being given as part of the purchase money of said tract of land."

Shortly after the execution of said notes, and before their maturity, they were for value sold, indorsed and delivered to James P. McCormick, the original plaintiff herein.

Thereafter, on the 21st day of November, 1888, Tuttle and wife conveyed the said tract of thirty-nine acres, together with another tract of four acres, to Lyman F. Parsons, the ancestor of the defendants in this suit, by warranty deed duly recorded in the office of said recorder of deeds at Independence, on December 14, 1888, which said deed contained the following provision: "Said forty-three acres of land are hereby conveyed subject to the incumbrances placed thereon by the said H. E. and I. C. Tuttle, and of record in the

said county of Jackson, all of which incumbrances are assumed by said grantee herein.''

On the first day of September, 1894, the trustee named in said deed of trust sold, at public sale, under the terms of said trust, said property, at the front door of the court house in the city of Independence, the same being purchased by James P. McCormick, the holder of the notes described in said deed of trust, at the price and sum of $4,000; but on the same day, and prior to the execution of the trustee's deed, the said Lyman F. Parsons caused to be served upon the said Majors and McCormick, trustee and purchaser, respectively, a notice stating that $9,500 had been paid 'on said notes, and demanding that they release from the operation of said deed of trust sixteen acres, or fifteen and five-sixths acres, of said land, off of the east side of said tract of thirty-nine acres, which notice further stated that he, the said Parsons, would hold them responsible for any loss by reason of said sale. Notwithstanding said notice, the trustee, on the third day of September, 1894, executed to said purchaser a deed under said sale, which deed was duly recorded in the said recorder's office. Thereafter, on the 16th day of July, 1902, said James P. McCormick instituted this suit in the circuit court of Jackson county, under the provisions of section 650, Revised Statutes 1899, against the heirs and legal representatives of Lyman F. Parsons, said Parsons having died after the sale of said property by the trustee aforesaid, and the cause was tried at the December term, 1902, of said circuit court.

Plaintiff offered in evidence, in support of the issues on his part, the record of a certain suit which had been instituted by him against said Lyman F. Parsons, after the sale aforesaid, in the circuit court of Jackson county, Missouri, on September 7, 1894, which said suit was for the purpose of recovering a balance of $4,947.50 remaining unpaid on one of the notes after

crediting the same with the net proceeds of the sale made as aforesaid, in which said suit the answer of said Parsons alleged that the assumption of the note as set out in the deed to him was wholly without his knowledge, and was in direct violation of the terms of the contract, said deed having been placed of record without his having examined the same. It appears from the record of said suit that said Parsons died before the termination of said suit, and the same was revived in the name of John A. Kerr, as administrator, and said cause was prosecuted to a judgment, which was against said administrator; that the administrator appealed, and that the suit was afterwards settled and compromised for the sum of $3,000.

Plaintiff also offered in evidence the record of a suit brought by said administrator against the said McCormick for the purpose of setting aside said trustee's sale and releasing the fifteen acres of the land from the lien of the said deed of trust. He further introduced in evidence the said note, deed of trust, warranty deed and trustee's deed.

On the offer to introduce the records and papers in the cause of McCormick against Parsons aforesaid, defendants objected, for the reason that they were immaterial, irrelevant, and showed on their face that there had been an adjustment of the matters between the parties themselves in the nature of a compromise. The court then and there said that he would hear and pass upon the objection later on. On the introduction of the second suit the same objections were made, and the same answer was made by the court; but it does not appear that the court ever made any ruling thereon.

Plaintiff then offered in evidence extracts from the printed testimony of Lyman F. Parsons in the case of McCormick v. Parsons aforesaid, to the introduction of which defendants objected on the ground that such evidence was incompetent, irrelevant and immaterial, and that the said cause was dismissed for the purpose of

carrying out a compromise between the parties, and was not finally litigated, but compromised and settled; to which objection the court answered, "I will consider further, and pass on all of it together."

The plaintiff further offered, in support of the issues on his part, a receipt which was given to Elsie F. Parsons, administratrix of the estate of Lyman F. Parsons, in full settlement of the issues set out in the cause of McCormick v. Parsons aforesaid, which was objected to by defendants as being irrelevant, but which objection was not passed upon by the court.

On the part of the defendants it was shown that said Parsons was ignorant, until about the time of the sale by said trustee, that the deed from Tuttle and wife to him contained a clause "assuming" the incumbrance on the land, but supposed that he had bought "subject to" the same. It also appeared that Parsons was ignorant of his rights under the deed of trust until about the date of sale, and that as soon as he learned of the clause in the deed to him rendering him personally liable for the debt on the land, he took all steps in his power to protect his rights. That before the completion of the said trustee's sale, the said Parsons, by and through his agent, John A. Kerr, notified the trustee, Majors, and the purchaser, McCormick, that he demanded a release of fifteen and five-sixths acres of the land, under the terms of the deed of trust.

The reply of plaintiff admits the making of the deed of trust and the payment of $9,500 on said notes; admits that said deed of trust contained the aforesaid release clause, but sets up as a defense that said release clause was void by reason of being vague and uncertain in its terms. It also sets up that the defendants are barred by the ten-year Statute of Limitations from making claim to said property, and further, that Parsons, having made no payments on the note for a long time prior to the sale, was guilty of such neglect and

laches as would estop him, or those claiming under him, from making any claim to said land.

The defendants claim that the release clause set out in said deed of trust entitled said Parsons, and those claiming under him, to a release of one acre of land on the payment of each and every $600, and that on such payment one acre of the tract of thirty-nine acres became free from the lien of the deed of trust, and that if parties did not select and set out such acre, an undivided one thirty-ninth of the lands was released by such payment. That decedent, Lyman Parsons, was not guilty of negligence or laches during his lifetime, but acted promptly as soon as he was informed that he was personally bound by his assumption of the incumbrance on said land, and did all in his power to protect his rights. That Parsons was owning and holding said land at the time of the sale, September 1, 1894, subject to said deed of trust, and that McCormick took adversely to him only from September 4, 1894, the date of the execution and delivery of the trustee's deed, and that plaintiff had been in possession of the land only eight years at the time of the commencement of this suit.

Defendants also complain of the failure of the court, upon objections made by them to the admission in evidence of the various records and proceedings in former suits, to pass upon such objections at the time. But neither the action of the court in admitting this evidence over the objection of defendants, nor its failure to pass upon the objections, would justify a reversal of the judgment, this being an equity case, for in such cases evidence improperly admitted will be disregarded by this court. In the case of State ex rel. v. Jarrott, 183 Mo. 204, GANTT, J., in speaking for the court, said: "Indeed, this court has held in a number of cases that on an appeal in an equity case it would consider evidence which was improperly excluded by the trial court or reject evidence improperly admitted, when preserved in the bill of exceptions, without reversing the

judgment   for that reason.''   [Barrett v. Davis, 104
Mo. 549; Hanna v. South St. Joseph Land Co., 126 Mo.
16; Goodrich v. Harrison, 130 Mo. 269; Davis v. Kline,
96 Mo. 401; Kleimann v. Gieselmann, 114 Mo. 437.]

It is said for defendants that when the deed of
trust was made by Tuttle and wife to secure the two
notes of $8,500 each, the parties to that instrument in-
tended that each part of it should have a meaning; that
when they inserted the following clause, to-wit: "And
for every $600 that is paid on said notes, said parties of
the third part obligate themselves to release one acre
of the tract hereby conveyed from the lien of this deed
of trust, said notes being given as a part of the pur-
chase money of said tract of land,'' it was intended to
have some force and effect, and that the holder of the
notes, on payment of $600 thereon, became obligated
to release one acre of the land whether demand was
made or not. The tract of land described in the deed
of trust contains thirty-nine acres, and the position of
plaintiff is, that if this were a contract to convey, out
of a tract of thirty-nine acres of land, one acre for
every $600 paid, and there were a payment of $9,500,
there could be no specific performance of such contract
because of lack of certainty in the description of the
land to be conveyed, and the contract would be void.
It may be conceded that if a person who owns a certain
tract of land enters into an agreement otherwise valid
to convey to another a certain undivided interest there-
in, the specific performance of such contract may be en-
forced. But that is not this case. This was a contract
to release one acre out of a tract of thirty-nine acres,
without designating or describing the particular acre
to be released.

Campbell v. Johnson, 44 Mo. 247, was a suit in
ejectment brought to recover possession of the northwest
quarter of the southwest quarter of section eleven,
township fifty- three, range sixteen, in Randolph coun-
ty, embracing an area of forty acres. But the deed on

which the suit was based only described the land as the southwest quarter of section eleven. It was held that a quarter section contained four forty-acre tracts, and as there was nothing in the deed to show to which forty acres it applied, the ambiguity was patent, and because the description was inaccurate and rendered the identity of the land sought to be conveyed wholly uncertain, the deed was void for uncertainty. So in the case at bar, the acre of land claimed to have been released from the lien of the deed of trust upon the payment of the sum of $600 was merely described as "one acre of the tract," which description was wholly insufficient to identify the acre to be released, and, under the rule announced in the Campbell case, supra, rendered that particular provision in the deed of trust void for uncertainty of description. [2 Devlin on Deeds (2 Ed.), sec. 1010.]

Bell v. Dawson, 32 Mo. 79, was an action of ejectment, wherein plaintiff relied for title on a deed which described the land as follows: "A lot of one arpent in front by forty arpens in depth, situated in the Grand Prairie, bounded on the one side by Mr. Laclede and on the other side by the said vendor, such as it now exists, which the said Ortez says he knows and is satisfied therewith." At the time of the execution of the deed the grantor owned a tract of land three arpens wide by forty arpens deep, bounded on both sides by lands of Laclede. It was held that the deed was void for uncertainty of description.

In Brandon v. Leddy, 67 Cal. 43, it is held that a deed which shows upon its face that there are two lots to which the description equally applies is void for uncertainty, and parol evidence is inadmissible to explain the ambiguity. In this case the description of any one acre to be released from the lien of the deed of trust applies alike to each and every acre of the tract of thirty-nine acres.

Armstrong v. Short, 95 Ind. 326, was an action to correct the description of land in a mortgage, and to foreclose it. One of the tracts was described as the south part of the northwest quarter of section thirty, etc., containing seventeen acres; the other, as the north part of the east half of the northwest quarter of section thirty-one, etc., containing forty-five acres. The court said: "It is very clear from appellant's testimony that there was no mistake of fact as to the descriptions; they are just what he understood and knew them to be, and, apparently, just what he wished them to be. If he is not able to recover anything by them, it is not because there was any mistake in the insertion of them in the mortgage, but because he misconceived the legal effect and import of them. It is just as clear that the descriptions are entirely defective and insufficient."

Nor could the clause in the deed of trust which we hold to be void for uncertainty of description of the acre of land to be released upon payment of $600 be aided by a demand for the release of sixteen acres, or fifteen and five-sixths acres of land, off of the east side of said tract of thirty-nine acres after the payment of the full amount of said notes. The records that were read in evidence by plaintiff were immaterial as to the vital issue in this case; that is, the validity of the release clause in the deed of trust, which depends entirely upon the sufficiency of the description of any one acre of the thirty-nine acre tract which might be released from the lien of said deed of trust upon the payment of $600 upon the notes secured by said deed, which description is wholly insufficient. It must, therefore, follow that the result of this appeal in no way depends upon the various records in question, but upon the validity of the release clause alone. Our conclusion is that the judgment should be affirmed. It is so ordered.

All concur.