ALICE M. SCHEFFER, Respondent, v. THE CITY OF HARDIN, Appellant.

Kansas City Court of Appeals, January 10, 1910.

1. MUNICIPAL CORPORATION: Location: Judicial Notice. In an action for personal injuries received on a defective sidewalk in an incorporated town, the court will take judicial cognizance of the town and its location.

2. ———: ———: ———: Evidence. Plaintiff was not required to prove the location of the town by metes, distances and boundaries but only in a general way that the street in question was within the limits of the town so far as concerned the requirements of law as to locating the place of injury.

Scheffer v. Hardin.

3. ———: ———: ———: **Admission.** Where defendant admitted in its answer that it was a municipal corporation organized under the statutes of the State of Missouri, it was sufficient to prove that it was located in a certain township in a certain county.

4. ———: **Streets: Duty to Repair.** The dedication of a city street to public use by a recorded plat, accepted by the city, does not obligate the city to keep the dedicated land in repair until the corporation in some official and appropriate manner has invited or sanctioned its use as a street by the public.

5. ———: ———: ———. But if the street is not in an addition to a municipality but within the limits of the original town, it is the duty of the town to keep it in a reasonably safe condition, provided, it is in general use by the traveling public.

6. ———: ———: ———: **Evidence.** Testimony by the mayor of a town that the city had graded a street, is sufficient to show such acceptance of the street and exercise of jurisdiction over it as to render defendant liable for a failure to keep it in repair even if the street is in an addition to the town.

7. **INSTRUCTIONS: Harmless Error.** Where there was no controversy but that the street was a public street it was not error to submit that question to the jury without telling them what facts would constitute a public street which the city was bound to maintain.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Lavelock & Kirkpatrick* for appellant.

(1)   The plat of the town of Hardin, offered in evidence by the plaintiff, was void for uncertainty, incompetent for any purpose, and defendant's objections thereto should have been sustained. It was indefinite as to location, uncertain as to boundary, and contained no accurate description of the land platted as required by statute. The dedication clause was even more defective than the plat, in that it located the town on a designated quarter of two sections, without indicating

which, and without specific location on either. It neither identified nor furnished the means for identification of the platted land. This uncertainty and ambiguity was patent, but if it were latent, no evidence explanatory of its defects was offered on the trial, therefore, its admission was erroneous. Gen. Stat. 1865, p. 247, sec. I, chap. 44; R. S. 1899, secs. 8955, 8958; 2 Devlin on Deeds (2 Ed.), sec. 1010, p. 1398; Brewster on Conveyancing, secs. 76-7, pp. 93-4-5; Campbell v. Johnson, 44 Mo. 250; M'Cormick v. Parsons, 195 Mo. 101. (2) The question really submitted by these instructions was, whether this traveled way was a public street of the city for the maintainance of which it was in duty bound, without telling the jury what would constitute such street and such duty. The effect of these instructions was to say to the jury that, if this open way was used as a street with defendant's knowledge and plaintiff was injured thereon on account of a hole in the walk of which defendant knew or might have known by the exercise of ordinary care, then plaintiff was entitled to recover, without regard to the existence of conditions precedent absolutely essential to render defendant liable for such injury. Carondelet v. St. Louis, 29 Mo. 535; Downend v. Kansas City, 71 Mo. App. 532; Carroll v. Campbell, 110 Mo. 571; Kendall v. Bain, 46 Mo. App. 590; Lesser v. Railroad, 85 Mo. App. 335; Casey v. Bridge Co., 114 Mo. App. 65.

*M. M. Bogie* and *J. L. Farris, Jr.*, for respondent.

BROADDUS, P. J.—The plaintiff's suit is to recover damages occasioned by a fall she alleges she received on one of defendant's streets.

Plaintiff's evidence tends to show, that on the night of February 28, 1908, while in the company of her mother and brother, when she was passing along on what was called Elm street, that in stepping from the sidewalk onto a crossing in an alley that intersected said

street her heel went into a hole in the crossing, and caught there, which caused her to fall whereby she was injured; and that at the time she was in the exercise of due care.

Her evidence was that the sidewalk was constructed of concrete and the crossing where she was injured of planks; that the latter was in an unsafe condition and had been so for a long time previous. It was shown by the evidence of the mayor and other witnesses that Elm street was one of the principal streets of the town and used generally by the traveling public. The purport of the mayor's evidence was that the city had graded Elm street and that the crossing had been in since 1890. He was asked: "Since you have been mayor has the authorities of the city of Hardin laid any walk of any kind on Elm street in the city of Hardin, street or crossing?" Answer: "Yes, we have graded the streets."

The plaintiff in order to locate the town introduced over defendant's objections a dedication and plat which were filed for record January 22, 1869. The objection was that they were indefinite and failed to show the tract of land on which the town was located. The language of the dedication was as follows:

"DEDICATION. The within described plat, streets and alley with the various courses composing the plat of the town of Hardin is of the following real estate to wit: The Southwest quarter of Section thirty-three and thirty-two Township (52) Fifty-two, North, Range Twenty-six West, and duly laid out by us for said town of Hardin, Ray County, Missouri on the 16th day of February 1869."

The plat shows the streets, alley and blocks and lots of the town, but it nowhere shows in what part of the two quarter sections it is located.

The evidence of the defendant tended to discredit that of the plaintiff as to the condition of the sidewalk

and to show that she had been guilty of contributory negligence.

The finding and judgment were for the plaintiff and defendant appealed.

It is urged by appellant that the court erred in the admission as evidence the said plat to prove the location of the town of Hardin. The argument is that it is void for uncertainty. In a sense that is true. It would not be sufficient as evidence where there was a contest over title to lands, or where such question is involved. [McCormick v. Parsons, 195 Mo. 91; Campbell v. Johnson, 44 Mo. 247.] But the question of title is in no way a matter of controversy in this case. This evidence was offered to locate the town of Hardin. Whereas it failed to locate it in any particular place, in the section, it did locate it in a certain township in Ray county, Missouri. We do not think it was necessary for the plaintiff to have resorted to a more definite location, especially in view of the following admission in defendant's answer viz.: "Now on this day comes the defendant in the above entitled cause, and for amended answer to the petition of the plaintiff herein, admits it now is and at the date mentioned in said petition, a muncipal corporation organized and incorporated under and by virtue of the statutes of the State of Missouri," etc. The plat served no useful purpose but could have worked no prejudice for the court takes judicial cognizance of the town and its location as being a municipal corporation. The plaintiff was not required to show the location of the town by metes, distances and boundaries but only to show in a general way that Elm street was within the town limits whatever they might be. When she proved that Elm street was one of the principal streets of the town she did all that the law required of her so far as locating the place of her injury.

But it is contended that the evidence fails to show that the town had ever at any time assumed jurisdiction

Scheffer v. Hardin.

over Elm street and that plaintiff failed for that reason to make out a case for recovery. To sustain this theory appellant has called our attention to certain decisions of our courts. It is said: "The mere dedication of a city street to public use by means of a recorded plat does not of itself render the municipality liable for negligent failure to keep the street in repair. It is necessary further to show that the street in question has been accepted before that liability begins. Even in acceptance of a dedication, transferring title to the street in trust for the public does not impose a liability to keep the dedicated land in repair as a street. The latter obligation does not attach until the corporation, in some official and appropriate manner, has invited or sanctioned its use as a street by the public. But such sanction may be given by acts of its proper officers as well as by acts in the form of ordinances." [Baldwin v. City of Springfield, 141 Mo. l. c. 212.] And so is the law in Ely v. St. Louis, 181 Mo. 723, and other cases. The decisions noted apply to additions to a municipality. It does not appear that Elm street was located in any addition to the town and there is nothing in the record to authorize an assumption that it was such. And if it had been such we believe the evidence introduced by plaintiff was sufficient to show that the street had been accepted by the town. The mayor's testimony that the street had been graded by the city was sufficient under the language of the decisions, supra, to show acceptance of the street and the exercise of jurisdiction over it, and such as to render defendant liable for failure to keep it in repair.

Instruction numbered one and two given for plaintiff are criticised on the ground that they submit to the jury the legal proposition upon which the plaintiff's right to recover hinged. That is to say that the "question really submitted . . . was whether this traveled way was a public street of the city for the maintenance of which it was in duty bound without telling the jury what would constitute such street and such duty."

As there was no controversy but the street was a public street over which the town had assumed jurisdiction and control it was not necessary to tell the jury what was necessary to constitute a public street.

If Elm street was within the limits of the original town as we are justified in assuming it was, it was the duty of the town to keep it in a reasonably safe condition, provided it was in general use by the traveling public. Finding no error in the record the cause is affirmed. All concur.