Mila Alena Hall, Executrix of the Last Will and
Testament of Charles R. Hall, Deceased, Appellee,
v. Florence Wilson and Orlin Sellers, Appellants.

Gen. No. 8,818.

 Opinion filed December 22, 1934.

R. F. MARSHALL and ALBERT S. O'SULLIVAN, for appellants.

SMITH & MENZIMER, for appellee; LISLE W. MENZIMER, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On September 19, 1933, appellee filed her bill to foreclose a mortgage executed by Charles J. Wilson and Florence Wilson on March 1, 1920, which secured the payment of a note for $8,000, due five years after date. Prior to March 1, 1931, Charles J. Wilson died and Florence Wilson became the owner of the mortgaged premises and on that day she and the mortgagee entered into an extension agreement, extending the same for a period of five years from that date. The premises mortgaged consisted of 81¾ acres of farm land near Rockford, and the original mortgage contained this clause: "It is hereby agreed that the parties of the first part shall have the privilege of having released from the lien of this mortgage one or more acres upon the payment of the sum of $300.00 per acre to the party of the second part." The extension agreement above referred to provided that the mortgage should be extended for a period of five years, at the same rate of interest and on the same conditions, except that the parties of the first part should have the privilege of having released from the lien of the mortgage one or more acres upon the payment of the sum of $200 per acre.

Florence Wilson filed an answer and cross-bill admitting the allegations of the original bill with reference to the execution of the note, mortgage and extension agreement and set up the sale by her to Orlin

Sellers of two acres of the land covered by the mortgage, notice to appellee thereof and the tender to her of $400 and the demand for a release of the two acres so sold. The cross-bill prayed for an order directing appellee to accept said tender of $400 and execute therefor a release from the operation of said mortgage of said two acres. Orlin Sellers, by leave of court, intervened, and after the issues were made up a hearing was had before the chancellor who dismissed the cross-bill and intervening petition for want of equity and entered a decree of foreclosure and sale as prayed. From this decree, Florence Wilson and Orlin Sellers bring the record to this court for review by appeal.

Upon the hearing, the parties stipulated that the taxes for the year 1931 had not been paid by the mortgagor, but were paid by appellee on November 25, 1932, that no part of the principal had been paid and no interest since September 1, 1931, and that the total amount due appellee on the date of the decree, which was March 3, 1934, was $9,691.41; that appellant Sellers is the son-in-law of appellant Wilson, and that on August 22, 1933, appellant tendered appellee $400 and demanded of appellee the release from the operation of the mortgage of a two-acre strip therefrom described as follows, viz.: The south two acres of all that part of the west half of the northeast quarter of section Nineteen (19), Town Forty-four (44) North, Range One (1) East of the Third P. M., lying north of the north line of the State road running easterly and westerly through said quarter section, the south line of said two acres being the north line of said State road and the north line of said two acres being parallel with the north line of said State road. It further appears that on the same day, August 22, 1933, Sellers received from his mother-in-law a warranty deed conveying to him the two-acre strip above described, and that when he received the deed therefor, he knew the

mortgage was in default. It further appears that the mortgaged property of 81¾ acres is farm land unimproved by any buildings, the south boundary line of which is the center of State Highway Route No. 5, which is a cement paved highway. The two acres sought to be released would be a strip of ground about 1320 feet in length running along the entire south side of the 81¾-acre tract, and of the width of 65.98 feet from the center of the highway; that the value of all the property covered by the mortgage, at the time of the hearing, was about $125 per acre, while the value of the 79¾ acres remaining after deducting the two-acre tract described in the proposed release would not be to exceed $100 per acre.

The only question presented for our determination is the validity of the partial release clause hereinbefore set out. The chancellor held the release provision void for uncertainty, as it failed to describe the portion of the premises which would be subject to be released upon partial payments being made, and that it was clearly not the intent of the parties that the two-acre strip along the highway should be released upon the payment of $400.

While it is true, as counsel for appellants point out, that the object of courts of equity is to enforce contracts understandingly entered into and that ordinarily where there is no evidence of fraud and where the parties are competent to contract and did fairly contract, neither side ought to be relieved from the agreement on the ground that good business judgment was not used in entering into the contract. On the other hand, courts of law as well as courts of equity function for the purpose of administering justice and while a party should not be relieved simply because he fails to use the words he intended to use to convey his meaning and thereby finds himself in an unenviable position, still in order to bring about such a result, a court will not place upon language a ridiculous con-

struction. This clause does not need construction. What it does is to accord to the mortgagor the privilege of having released from the lien of the mortgage one or more acres upon the payment of $200 per acre. It does not say where the one or more acres must be, except, of course, they must be a part of the mortgaged tract, nor does it provide any method by which the place where the acreage sought to be released can be determined. For these reasons, we believe the clause is not complete in itself, is uncertain and when applied to the facts as disclosed by this record, is unenforceable.

If under the provisions of this clause in the mortgage appellants had a right to demand the release of a narrow strip of land approximately 1320 feet in length and 66 feet in width, which embraces every inch of frontage along the paved highway, leaving almost 80 acres cut off from any outlet to the highway, then the mortgagor would have an equal right to demand a release of a strip a few feet wide through the very center of the tract or a strip a few feet wide diagonally across the entire tract or a wedge shaped tract or a jagged parcel or a circular strip a few feet wide from the center of the tract, leaving a tract in the center of the circle and a tract outside the circle still incumbered by the mortgage. In order to say that this could be done, we would be compelled to say that this clause gives the mortgagor the right to determine the place, shape and dimensions of the portion which he desires released and to do so would be to read something into the clause that cannot be found there.

In *McCormick v. Parsons*, 195 Mo. 91, 92 S. W. 1162, it appeared that the owners of a 39-acre tract of land executed a trust deed to secure the payment of $17,000 evidenced by two notes given as a part of the purchase price thereof. This deed of trust contained this clause: "And for every $600.00 that is paid on said notes, said parties of the third part obligate them-

selves to release one acre of the tract hereby conveyed from the lien of this deed of trust." Following the execution of the trust deed, Lyman F. Parsons became the owner of the land therein described and sought to have released from the operation of said trust deed 15 5-6 acres of land off of the east side of said tract upon the payment of $9,500. The court held that the contract was to release one acre out of a tract of 39 acres without designating or describing the particular acre to be released, that the description in the clause providing for the release of one acre of the tract was wholly insufficient to identify the acre to be released and the clause was therefore void for uncertainty of description. See also 41 C. J. 828.

Appellants cite no cases, and we are unable to find any which would warrant this court in sustaining their contention. The cases referred to in appellants' brief hold that release clauses complete within themselves will be sustained, upheld and enforced. We agree with their contention that the release clause involved herein is in clear, understandable English, but giving to the words of the clause their common and accepted meaning, it does not follow that the clause is complete or that it accords to appellants the right to demand the relief they insist they are entitled to. In *Ogden v. Stevens*, 241 Ill. 556, which was a suit instituted for the purpose of obtaining a decree permitting appellee to redeem certain premises from a foreclosure sale, the court said: "Appellant insists that by the strict letter of the written contract, appellee only had an option to purchase the property within nine months, which she did not exercise, and that thereafter she had no further rights in the premises. Conceding that the written instruments executed on February 1, 1899 are susceptible of the construction contended for by appellant, still courts of equity look to the substance rather than to the form of written instruments, and will seek to discover and carry into effect the real in-

tention of the parties and enforce it according to the sense in which it was understood by the parties as shown by their subsequent acts and conduct with reference thereto."

It was written many centuries ago that "the letter killeth but the spirit giveth life" (2 Cor. 3:6), and courts of equity in granting or withholding relief are always governed by principles of fair dealing. In our opinion it would have been unconscionable to have granted appellants the relief sought and to have denied appellee the right to foreclose as to the entire premises described in the bill.

This decree, however, will have to be reversed, inasmuch as it directs the payment of the amount found to be due within 10 days, and in default thereof that the premises be forthwith sold. The mortgage was executed on March 1, 1920, and therefore falls within the period beginning July 1, 1917, and ending July 1, 1921, and the Act of 1917 governs. (Act of June 27, 1921, sec. 2, Illinois Session Laws, 1921, page 503, Cahill's St. ch. 77, ¶ 16, note.) *Ryan v. Allen,* 312 Ill. 250.

The decree is affirmed in all respects except that portion thereof which directs a sale under the Act of June 27, 1921. That portion of the decree is reversed with directions to the chancellor to enter a proper decree under the provisions of the Act of June 11, 1917.

This matter was not called to our attention by counsel for either party, and the costs in this court will be taxed against appellants.

*Decree affirmed in part and in part reversed and cause remanded with directions.*